662

Anna SPAINHOUER, Appellant,

v.

WESTERN ELECTRIC COMPANY,
INC., Appellee.

No. 8372.

Court of Civil Appeals of Texas,
Beaumont.

Dec. 13, 1979.

Rehearing Denied Jan. 10, 1980.

Stephen L. Holley, Dallas, for appellant.

Strasburger & Price, Dallas, for appellee.

KEITH, Justice.

Plaintiff below appeals from an adverse summary judgment entered in her suit against the defendant-employer for damages resulting from her alleged wrongful discharge. She sought damages under the provisions of *Tex.Rev.Civ.Stat.Ann. art. 8307c (Supp.1978–79).* Plaintiff was injured in the course of her employment with defendant and claimed worker's compensation benefits. She settled her claim with the compensation insurance carrier but when she failed to report for duty as instructed by defendant, she was discharged.

Claiming that she was wrongfully discharged by the defendant, she followed the grievance procedures contained in the contract between her union, Communications Workers of America, and Western Electric, being assisted by the local Union officials.

The Union diligently pursued her claim through the first four steps of the grievance procedure and then wrote to the International representative of the Union recommending that the grievance be pursued through the fifth step—binding arbitration—as prescribed in the contract. The International Union declined to take such step and so advised the local Union representative. Under the contract, if either party failed to institute arbitration procedures within sixty days, the right to arbitrate was deemed to have been conclusively waived.

The local officials of the Union advised plaintiff of the decision of the International Union not to pursue arbitration but no further action was taken thereon. Instead, she filed suit against the Company alleging that she had been discharged because she had filed a claim for worker's compensation benefits.

Defendant's motion for summary judgment urged the contention that plaintiff had elected to pursue her claim by way of

the contractual remedy and had failed to exhaust her contractual remedies. Supporting affidavits were supplied by Union representatives. The Union was not made a party to the suit and no contention is made that the Union or any of its officials failed to discharge with fidelity and diligence every duty it owed to plaintiff.

The gravamen of plaintiff's complaint is that she was wrongfully discharged by the defendant employer. There was a comprehensive bargaining agreement providing an exclusive method of settlement of such disputes and plaintiff availed herself of such contractual provisions.[1] For reasons which it did not articulate, the International Union refused to take the grievance to the fifth step. A similar refusal was not disapproved in *Vaca v. Sipes*, noted earlier. It is sufficient to state at the moment that no contention is made that the employee-plaintiff was "prevented from exhausting [her] contractual remedies by the union's *wrongful* refusal to process the grievance." (386 U.S. at 185, 87 S.Ct. at 914, emphasis in original). See also, *Ostrofsky v. United Steelworkers of America*, 171 F.Supp. 782 (D. Maryland 1959), aff'd per curiam, 273 F.2d 614 (4th Cir.), cert. den'd, 363 U.S. 849, 80 S.Ct. 1628, 4 L.Ed.2d 1732 (1960).

■ The plaintiff chose the Union to process her grievance through the contractual machinery and is now bound by the acts of its agent. *Harris v. Chemical Leaman Tank Lines, Inc.*, 437 F.2d 167, 170 (5th Cir. 1971).

■ Chief Justice Curtiss Brown wrote a scholarly opinion on the narrow subject now under discussion in the case of *Thompson v. Monsanto Company*, 559 S.W.2d 873 (Tex. Civ.App.—Houston [14th Dist.] 1977, no writ), and held that federal law preempted the state law. His analysis of the statutes and decisions is approved and is now followed by this Court.

There is but one factual difference in the two cases: in *Thompson*, the parties went to binding arbitration; while here, plaintiff's Union declined to take the fifth step.

But, as noted above, plaintiff does not contend that the Union wrongfully refused to pursue her claim. See Sartwelle, "Workers' Compensation, Annual Survey of Texas Law", *33 SW. L.J. 331, 367 (1979),* for a discussion of *Thompson*, supra. See also, *Brown v. Gulf Coast Machine & Supply Co.,* 551 S.W.2d 397, 400 (Tex.Civ.App.—Beaumont 1977, writ ref'd n. r. e.), concurring opinion.

■ Finally, after considering the very recent opinion in *Carnation Company v. Borner*, 588 S.W.2d 814 (Tex.Civ.App.— Houston [14th Dist.], 1979), we are of the opinion that the language used in *Vaca v. Sipes* and *Monsanto* relating to arbitration controls the disposition of this cause. The local Union in our case did far more than merely file a grievance. Whatever may have been the motivating factors compelling the International Union to forego its demand for arbitration did not confer private rights upon plaintiff to pursue her tort claim against her employer.

The factual situation in *Borner* is inapplicable to our cause. The trial court properly granted the defendant's motion for summary judgment and such judgment is now AFFIRMED.

---

1. The steps in the grievance procedure in the contract before us are substantially the same as those set out in *Vaca v. Sipes*, 386 U.S. 171, 175, 87 S.Ct. 903, 17 L.Ed.2d 842, 849, fn. 3 (1967).