**HUGHES TOOL COMPANY, Appellant,**

v.

**Willie D. RICHARDS, Appellee.**

**No. B2373.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Dec. 24, 1980.

Rehearing Denied Jan. 14, 1981.

Kent W. Robinson, Marcia A. Graham, Andrews, Kurth, Campbell & Jones, Houston, for appellant.

Gordon R. Cooper, Houston, for appellee.

Before COULSON, MILLER and PAUL PRESSLER, JJ.

PER CURIAM.

This is a suit under Tex.Rev.Civ.Stat. Ann. art. 8307c (Vernon Supp.1978) brought by Willie D. Richards, appellee (Richards) against his former employer, Hughes Tool Company, appellant (Hughes). Richards alleges he was discharged for making a worker's compensation claim while in Hughes' employ and on this basis Richards alleges art. 8307c was violated. Trial below was to a jury, and in response to 5 special issues the jury found in Richards' favor, awarding $15,000.00 in past and future loss of earnings and $15,000.00 in exemplary damages. We reverse and render judgment for Hughes.

Richards was hired by Hughes in 1965 and at the time of his discharge in 1975 he was working in the Special Products section at Hughes. On July 7, 1975, Richards, while at work, allegedly sustained an injury to his shoulder. After reporting the injury to a supervisor, Jack Wooten, Richards went to Hughes' Medical and Safety Services and was examined by Dr. Hines, the company doctor. After the examination Richards was released for "light duty" the remainder of the day.

The following day Richards returned to the clinic and allegedly used profanity in front of a nurse and several persons waiting to receive their pre-employment physicals. In addition, after he was directed to Mr. C. L. Day, a Medical and Safety supervisor, Richards continued to use profane and abusive language and allegedly lifted a chair as if to hit Day.

Immediately after this incident a discussion was held, between Richards' supervisors, Day, a Union grievance man and the head of Medical and Safety Services, Mr. J. W. O'Neal. At the conclusion of this discussion, Richards was suspended pending an investigation and hearing.

On July 14, 1975, a hearing was conducted concerning Richards' conduct. At the hearing Richards was represented by three Union representatives. The hearing culminated with Richards' suspension being converted to a discharge. After the conclusion of the initial hearing. Richards and the Union filed a grievance protesting his discharge. A formal hearing on the grievance was held with Richards and his Union representation in attendance. The hearing concluded with a determination that Richards' discharge was for "just cause" and should be upheld.

Thereafter, the Union requested Mr. J. D. Belton, a production manager, to review the matter. Belton agreed to hold a special, informal hearing. At this hearing Richards interrupted and made outbursts which disrupted the meeting and by mutual consent the meeting was adjourned, with Richards' discharge being upheld. No other action pursuant to the grievance procedure was taken by either Richards or the Union. This lawsuit followed.

Trial below resulted in a verdict in Richards' favor. Hughes appeals, alleging 13 points of error.

Points of error 2 and 4 asserted by Hughes are dispositive of the appeal. In these points of error Hughes asserts that the trial court erred in failing to grant their motion for instructed verdict and motion for judgment N.O.V. for the reason that Richards' claim is barred by the final, adverse determination regarding his discharge reached through the contractual grievance procedure established by Hughes and Richards' Union. We agree.

 It has been held that after an adverse *final* arbitration decision in a grievance process, an employee who alleges he was fired for filing a worker's compensation claim, could not then bring suit under art. 8307c. *Thompson v. Monsanto Co.*, 559 S.W.2d 873 (Tex.Civ.App.—Houston [14th Dist.] 1977, no writ). This is true unless the employee shows that the union failed to fairly represent him in the grievance process, *Id.* at 875; *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), or where discrimination in employment practices is involved. 559 S.W.2d at 876; *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974).

Recently, in *Carnation Co. v. Borner,* 610 S.W.2d 450, 24 Tex.Sup.Ct.J. 111 (1980), the Supreme Court faced the question of whether an employee could bring suit under 8307c after his union had filed a grievance on his behalf but had not done anything in pursuit of the claim beyond the filing. Affirming the Court of Civil Appeals, the Supreme Court held that suit could properly be brought under 8307c even though a grievance had been filed. The court distinguished *Thompson* from the *Carnation* facts, stating:

> We find that [the Carnation employee's] position is distinguishable. [The Carnation employee] filed a grievance pursuant to the collective bargaining agreement. Once the grievance was filed, its processing was under the exclusive control of the Union. No arbitration procedure was invoked by the Union and no final and binding arbitration decision was obtained. No resolution of [the employee's] grievance was ever reached.

610 S.W.2d 453, 24 Tex.Sup.Ct.J. at 113.

In a case with facts surprisingly similar to those that exist in the case at bar it was held that a suit under 8307c was precluded because the matter had been addressed in the grievance procedure. In *Spainhouer v.*

*Western Electric Co.*, 592 S.W.2d 662 (Tex. Civ.App.—Beaumont 1979, writ filed) plaintiff was injured in the course of her employment with defendant and claimed worker's compensation benefits. She settled her claim for compensation but when she failed to report for duty as instructed by defendant, she was discharged. Claiming that she was wrongfully discharged by defendant, she followed the grievance procedures contained in the contract between her union and her employer. The union pursued her claim through the first four steps of the grievance procedure but elected not to proceed any further and no arbitration was ever had. The Beaumont Court of Civil Appeals affirmed the granting of a summary judgment in defendant's favor, stating:

> The gravamen of plaintiff's complaint is that she was wrongfully discharged by the defendant employer. There was a comprehensive bargaining agreement providing an exclusive method of settlement of such disputes and plaintiff availed herself of such contractual provisions. For reasons which it did not articulate, the International Union refused to take the grievance to the fifth step. . . . [N]o contention is made that the employee—plaintiff was "prevented from exhausting [her] contractual remedies by the union's *wrongful* refusal to process the grievance." The plaintiff chose the Union to process her grievance through the contractual machinery and is now bound by, the acts of its agent.

592 S.W.2d at 663 (citations omitted).

Our facts fall somewhere between those found in *Carnation*, where a grievance was only filed, and *Spainhouer* where the grievance was taken through 4 steps but not to arbitration. In the case at bar the Union proceeded through the first step in the grievance process and also requested an informal review of the initial grievance determination. No further action was taken in the grievance process and the matter was not taken to arbitration, the final step under the contract between the union and Hughes.

■ In our opinion Richards is precluded from bringing an action under art. 8307c. We hold that one who elects to proceed through a grievance procedure provided in a contract between his union and his employer may not then file suit under 8307c after a "final settlement or determination" has been made following a grievance hearing pursuant to the employment contract. Once the decision has been made to go the contractual grievance route the employee is not entitled to another "bite of the apple" in the courts simply because the matter is not resolved in his favor. The employee must choose, before a final settlement of the grievance, whether he wishes to file suit under art. 8307c or proceed under the employment contract.

■ The parameters of what, in any given case, qualifies as a "final settlement" of an employee's grievance was not defined in *Carnation* and we do not do so here. This determination must be made only after an examination of the circumstances that exist in any given case. We only hold that under the facts as they exist in the instant case a final settlement of the matter was made. Unlike *Carnation*, we have in this case much more than the mere filing of a grievance which was never resolved under the applicable contract procedure. In the instant case the union representing Richards participated in a preliminary discussion about Richards' conduct, filed a grievance on Richards' behalf and after an adverse determination, sought and was granted a review of the matter. After Richards' discharge was upheld on review, the Union, for whatever reasons, did not elect to pursue the matter further. In our opinion this was a final settlement of the matter and thus the suit under 8307c was improper.

■ Of course, an exception to the holding above must be made where the union breaches its duty of fair representation. *Thompson v. Monsanto Co.*, 559 S.W.2d 873, 875 (Tex.Civ.App.—Houston [14th Dist.] 1977, no writ). This exception is limited to those instances where the Union has acted arbitrarily, discriminatorily or in bad faith. *Id., Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903,

17 L.Ed.2d 842 (1967). Even if the union in the present case had acted in this manner, we would be precluded from allowing the suit under art. 8307c because Richards did not complain of any alleged wrongful acts of the Union in the court below. In *Thompson* we stated that the exception is not applicable where there is no complaint or proof demonstrating a breach of the union's duty of fair representation, and where no issue is submitted to the jury on the matter. In these cases the employee is precluded from contesting his discharge pursuant to art. 8307c and the matter cannot be raised for the first time on appeal. *See* Tex.R.Civ.P. 279. *See also Spainhouer v. Western Electric Co.*, 592 S.W.2d 662, 663 (Tex.Civ.App.—Beaumont 1979, writ filed).

Finding that Richards could not avail himself of the trial court's jurisdiction in settling his dispute, the judgment of the court below must be reversed and judgment rendered that Richards take nothing from Hughes.

Judgment reversed and rendered.