IN THE SUPREME COURT OF TEXAS

NO. B-9176

ANNA SPAINHOUER,                    §
                                    §
        Petitioner,                 §
                                    §
    v.                              §       FROM DALLAS COUNTY
                                    §
WESTERN ELECTRIC COMPANY,           §       NINTH DISTRICT
    INC.,                           §
                                    §
        Respondent.                 §

ON MOTION FOR REHEARING

Our opinion of March 11, 1981, is withdrawn and this opinion is substituted in its stead and the parties are given 15 days within which to file an Amended Motion for Rehearing.

This is a suit for wrongful termination of employment. The trial court granted summary judgment for respondent and the court of civil appeals affirmed. 592 S.W.2d 662. We reverse and remand.

Petitioner, Anna Spainhouer, was employed by respondent, Western Electric Company, Inc., and was injured in the course of her employment. She claimed worker's compensation benefits and after settling her claim she was ordered to report to work but refused do to so on the ground that she had not sufficiently recovered from her injuries. She was discharged for failure to report. She was a member of the Communications Workers of America which had a collective bargaining agreement with respondent. Petitioner complained to her union that she had been wrongfully discharged and the union commenced a grievance procedure with respondent pursuant to the collective bargaining agreement. As set out in the collective bargaining agreement, the grievance procedure consists of five steps, followed by binding arbitration at the option of either party. After completion of the fifth step the local union submitted the file to the district office of the international union without recommendation as to whether arbitration should be invoked. The district office declined to ask for arbitration. Upon being informed of this decision the

petitioner filed suit for wrongful termination pursuant to TEX. REV. CIV. STAT. ANN. art. 8307c, which provides:

> Section 1. No person may discharge or in any other manner discriminate against any employee because the employee has in good faith filed a claim, hired a lawyer to represent him in a claim, instituted, or caused to be instituted, in good faith, any proceeding under the Texas Workmen's Compensation Act, or has testified or is about to testify in any such proceeding.

The summary judgment evidence consisted of affidavits from two union representatives who stated that they had instituted a grievance procedure under Articles 22 and 29 of the collective bargaining agreement. Further, they stated that after completing the grievance procedure as set out in Article 10 of the agreement the district office of the international union declined to pursue the matter to arbitration. There was also an affidavit from petitioner in opposition to the motion for summary judgment, stating that she had requested the union to file a grievance for wrongful termination. The trial judge rendered a summary judgment which did not recite any findings of fact or conclusions of law. However, in a letter to each of the attorneys, a copy of which is in the record before us, the trial court set out its reason for the summary judgment, stating that it found Thompson v. Monsanto Co., 559 S.W.2d 873 (Tex. Civ. App. Houston [14th Dist.] 1977, no writ) to control this case. We granted the application for writ of error in this case based on petitioner's point that the case is controlled by our recent decision in Carnation Company v. Borner, 610 S.W.2d 450 (Tex. 1980). In Borner, we distinguished Thompson v. Monsanto Co. pointing out that in Monsanto the employee had pursued his rights under the collective bargaining agreement to final arbitration; whereas in Borner, the grievance procedure under the collective bargaining agreement had broken off at an early stage and there was no arbitration.

In order to determine whether the steps taken by the union on petitioner's behalf precluded her from pursuing her rights under Art. 8307c we must look to the collective bargaining agreement itself. As previously noted, the summary judgment evidence consists of affidavits from two union representatives and the petitioner. The affidavits of the union representatives stated that they were involved in the grievance procedure which was filed under Articles 22 and 29 of the collective bargaining agreement. They both stated in their affidavits that a true and correct copy of the collective bargaining agreement was attached. However, the only portions of the agreement attached were copies of Articles 9, 10, 11, 22, 23, 29 and 30. Article 29 is entitled "Suspensions and Terminations of Employment - Relieved, Dropped or Discharged." This Article provides that the local union may question the justification of the acts taken ... in accordance with Article 10 - Grievance Procedure. Article 10 sets out the five step grievance procedure for settlement of grievances arising with respect to wages, hours of work and other conditions of employment. Article 11 is entitled "Arbitration" and provides for binding arbitration following the five step grievance procedure, upon application within the specified time by either party to the grievance procedure. And it further provides that the right to arbitrate any dispute should be deemed waived if either party fails to institute arbitration proceedings within sixty days following the receipt of the final answer of the company. When read together it is clear that a dispute would still be alive after the final step in the grievance procedure set out in Article 10. The dispute would be finally settled under the collective bargaining agreement only on submission to arbitration and a ruling by the arbitrator. This never took place in the instant case, so there was no final settlement of the dispute under the agreement. This case is thus distinguished from Monsanto, where there was a final award by the arbitrator.

- 3 -

Respondent contends that Section 301a of the Labor-Management Relations Act (Taft-Hartley Act) 29 U.S.C. § 185 (1970) preempts Article 8307c and that petitioner is barred from bringing this action. This point is not before us because there were no pleadings or evidence to raise the issue.

The judgments of the courts below are reversed and this cause is remanded to the trial court for trial on the merits.

James P. Wallace
Justice

OPINION DELIVERED: April 14, 1981

**FILED**
IN SUPREME COURT
OF TEXAS

APR 15 1981

GARSON R. JACKSON, CLERK

BY_____DEPUTY



# THE SUPREME COURT OF TEXAS

CHIEF JUSTICE
  JOE R. GREENHILL
JUSTICES
  JACK POPE
  SEARS McGEE
  JAMES G. DENTON
  CHARLES W. BARROW
  ROBERT M. CAMPBELL
  FRANKLIN S. SPEARS
  C. L. RAY
  JAMES P. WALLACE

P.O. BOX 12248     CAPITOL STATION
AUSTIN, TEXAS 78711

March 11, 1981

CLERK
  GARSON R. JACKSON
EXECUTIVE ASS'T.
  WILLIAM L. WILLIS
ADMINISTRATIVE ASS'T
  MARY ANN DEFIBAUGH

Mr. Stephen L. Holley, Atty
Holley & Holley
5217 Ross Ave., Suite 918
Dallas, Texas          75206

Mr. Patrick F. McGowan, Atty
Strasburger & Price
1200 One Main Place
Dallas, Texas          75250

RE. B-9176:   ANNA SPAINHOUER vs. WESTERN ELECTRIC COMPANY, INC.
              Ninth Court of Civil Appeals No. 8372
              192nd District Court of Dallas County No. 78-487-D

Gentlemen.

Today, the Supreme Court of Texas delivered an opinion in the above referenced cause.

The opinion by Justice Wallace reversed the judgments of the courts below and remanded the cause to trial court for a trial on the merits.

Copies of the enclosed opinion are being mailed to Justice Quentin Keith, Ninth Court of Civil Appeals, Judge Snowden Leftwich in the 192nd District Court, and Dallas County District Clerk, Mr. Bill Shaw.

Very truly yours,

GARSON R. JACKSON, Clerk

By _Mary M Wakefield_
   Mary M. Wakefield
   Chief Deputy

Encl. opinion



## THE SUPREME COURT OF TEXAS

CHIEF JUSTICE
  JOE R. GREENHILL

JUSTICES
  JACK POPE
  SEARS McGEE
  JAMES G. DENTON
  CHARLES W. BARROW
  ROBERT M. CAMPBELL
  FRANKLIN S. SPEARS
  C. L. RAY
  JAMES P. WALLACE

P.O. BOX 12248     CAPITOL STATION
AUSTIN, TEXAS 78711

April 15, 1981

CLERK
  GARSON R. JACKSON

EXECUTIVE ASS'T
  WILLIAM L. WILLIS

ADMINISTRATIVE ASS'T
  MARY ANN DEFIBAUGH

Mr. Stephen L. Holley, Attorney
5217 Ross Avenue - Suite 918
Dallas, Texas       75206

Mr. Patrick F. McGowan, Attorney
1200 One Main Place
Dallas, Texas       75250

Dear Sirs:

Today the Supreme Court withdrew the opinion in the case of ANNA SPAINHOUER vs. WESTERN ELECTRIC COMPANY, INC., No. B-9176, that was delivered on March 11, 1981, and the opinion delivered on this date is substituted therefor.

The Court is allowing fifteen days in which to file an amended motion for rehearing.

Very truly yours,

*Garson R. Jackson*
Garson R. Jackson, Clerk

CC:   Hon. Quentin Keith, Justice
      Court of Civil  Appeals
      Beaumont, Texas       77701

      Hon. Snowden M. Leftwich,Jr., Judge
      192nd District Court
      Dallas, Texas       75202

      Hon. Bill Shaw, District Clerk
      Dallas County Courthouse
      Dallas, Texas       75202



## THE SUPREME COURT OF TEXAS

CHIEF JUSTICE
JOE R. GREENHILL

JUSTICES
JACK POPE
SEARS McGEE
JAMES G. DENTON
CHARLES W. BARROW
ROBERT M. CAMPBELL
FRANKLIN S. SPEARS
C. L. RAY
JAMES P WALLACE

P.O. BOX 12248      CAPITOL STATION
AUSTIN, TEXAS 78711

May 21, 1981

CLERK
GARSON R. JACKSON

EXECUTIVE ASS'T
WILLIAM L. WILLIS

ADMINISTRATIVE ASS'T
MARY ANN DEFIBAUGH

Mr. Bill Shaw
District Clerk
Dallas County Courthouse
Dallas, Texas      75201

RE.  ANNA SPAINHOUER vs. WESTERN ELECTRIC COMPANY, INC.
     No. B-9176 in the Supreme Court
     No. 78-487-K in the 192nd District Court of Dallas County, Texas

Dear Mr. Shaw

The judgment of the Supreme Court of Texas is now final in the
above referenced cause.  As Rule 507, Texas Rules of Civil
Procedure has been satisfied, we are issuing the mandate
as of this date.

Enclosed with the mandate is a certified copy of our cost bill
showing the charges and payments as reflected by the record
for your use in settlement between the parties.

Very truly yours,

GARSON R. JACKSON, Clerk

By _____
   Mary M. Wakefield
   Chief Deputy

Encl.  mandate
       cost bill

CC   letter only to.
     Mr. Stephen L. Holley, Dallas
     Mr. Patrick F. McGowan, Dallas