**A. J. FOYT CHEVROLET, INC., Appellant,**

v.

**John JACOBS, Jr., Appellee.**

No. 17235.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Feb. 8, 1979.

Childs, Fortenback, Beck & Guyton, James J. Lee, Houston, for appellant.

Gordon J. Kroll, Houston, for appellee.

WALLACE, Justice.

A. J. Foyt Chevrolet, Inc. (Foyt) appeals from a judgment in a suit filed by John Jacobs, Jr., (Jacobs) based on Tex.Rev.Civ. Stat.Ann. art. 8307c. The court, sitting without a jury, found that John Jacobs, Jr. had been illegally discharged by Foyt and awarded Jacobs $8,342.00 in damages, prejudgment interest, and interest on the judgment. Findings of fact and conclusion of law were filed.

John Jacobs, Jr. was employed by Foyt as a used car maintenance mechanic. In December of 1973, while engaged in his usual duties, Jacobs was injured and eventually required surgery. He subsequently reported back to work on March 11, 1974. At the time of the termination of his employment by Foyt, Jacobs was working 40 hours a week at an hourly wage of $3.50. During the seventy-seven weeks and four days, from the date of his termination by Foyt until he secured employment with Rainbo Bakeries, Jacobs did a few odd jobs of auto repair for friends who paid him in cash. In addition, he occasionally filled in at an Exxon service station across the street from his house, when one of the regular employees wanted to go fishing, or be off for some other reason. On one occasion he filled in for one of them for five consecutive days. He was paid $25.00 in cash for each day that he filled in at the service station. He was unable to state how much money he received for filling in at the service station

or doing odd jobs of automobile repair. Appellant's attorney asked Jacobs if he could estimate the amount that he was paid for these odd jobs and his answer was "I honestly cannot." The record does not show any further attempt on appellant's part to determine source or amount of any monies earned by appellee for such part-time work.

Appellant contends, in points 1 through 4, that there was no evidence or insufficient evidence to support the trial court's finding that Jacobs was discharged contrary to Tex.Rev.Civ.Stat.Ann. art. 8307c, and asserts that such finding is against the great weight and preponderance of the evidence. In considering a no evidence point, we must view the evidence in its most favorable light in support of the finding and must review only the evidence and inferences which support the findings. *Garza v. Alviar*, 395 S.W.2d 821–823 (Tex. 1965). Consideration of the insufficient evidence point requires a review of all the evidence. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951)).

Jacobs testified that Johnny Hidalgo, manager of parts and services for Foyt told him, "I would put you back to work, but I would be a damned fool to hire you when you have a lawyer". Hidalgo testified that he told Jacobs, "John, I am sorry but your job has been eliminated. We no longer need your services". Further, Jacobs testified that at a hearing before the Texas Employment Commission, Mr. Davidson, general manager for Foyt, testified that Jacobs was discharged because he would not fire his lawyer. This testimony was not contradicted by Foyt. The trial court chose to believe Jacob's version of why he was fired. This was within the province of the trial court. *Central National Bank of McKinney v. Booker*, 557 S.W.2d 563, 564 (Tex.Civ.App.1977 writ ref'd n. r. e.). Appellant' points 1 through 4 are overruled.

By its fifth point of error appellant contends that the court erred in entering judgment for Appellee because the court found that he "failed to use reasonable dili-

gence" in locating alternative employment. The finding of the trial court was, ". . . John Jacobs, Jr. made only a minimal effort to obtain other employment". Appellant has failed to show that the "minimal effort" exercised by Appellee was not "reasonable diligence" under the circumstances. Appellant's fifth point is overruled.

In its points 6 through 9 appellant argues that the trial court should have offset appellee's actual earnings during his period of employment; that appellee's damages were unliquidated and not correctly proven; and that the damages of $8,240.00 were unsupported by the evidence.

The testimony showed that Jacobs was working 40 hours per week for Foyt at $3.50 per hour, and that he was unemployed for 77 weeks and 4 days from the time of his discharge by Foyt until he secured employment by Rainbo Bakeries. He further testified that he "filled in" sporadically at an Exxon service station when one of the men wanted to go fishing. At one time he filled in for five consecutive days. There were occasional odd jobs of auto repair which he did for cash. Foyt made no effort to secure the testimony of the owner of the service station to determine the wages paid Jacobs. This case is thus distinguished from the *Southwestern Telephone & Telegraph Company v. Bross*, 45 S.W.2d 179 (Tex.Civ.App.1898 no writ history) cited by appellant.

Appellant had the evidentiary burden of proving the amount appellee earned or could have earned during his period of unemployment. *Mr. Eddie Inc. v. Ginsberg*, 430 S.W.2d 5 (Tex.Civ.App.1968 writ ref'd n. r. e.); *Pacific Express Co. v. Walters*, 42 Tex.Civ.App. 355, 93 S.W. 496, (writ ref'd.); *Morgan v. Young*, 203 S.W.2d 837 (Tex.Civ. App.1947, writ ref'd.) Appellant wholly failed to meet this burden. The evidence shows that appellee lost wages during the 77 weeks and 4 days that he was unemployed in a sum in excess of the court's judgment. Appellant's points 6 through 9 are overruled.

Finding no error in the judgment of the trial court it is affirmed.