HUGHES TOOL COMPANY, Appellant,

v.

Willie D. RICHARDS, Appellee.

No. B2373.

Court of Civil Appeals of Texas,
Houston (14th Dist.)

July 15, 1981.

Rehearing Denied Sept. 17, 1981.

Kent W. Robinson, Marcia A. Graham, Andrews, Kurth, Campbell & Jones, Houston, for appellant.

Gordon R. Cooper, Houston, for appellee.

Before MILLER, PAUL PRESSLER and COULSON, JJ.

MILLER, Justice.

This is a suit under Tex.Rev.Civ.Stat. Ann. art. 8307c (Vernon Supp.1978) brought by Willie D. Richards, (Richards) against his former employer, Hughes Tool Company (Hughes). Richards alleges he was discharged for making a worker's compensation claim while in Hughes' employ and on this basis he alleges art. 8307c was violated. Trial was to a jury, and in response to five special issues the jury found in Richards' favor, awarding $15,000.00 in past and future loss of earnings and $15,000.00 in exemplary damages. We reversed and rendered judgment in favor of Hughes. 610 S.W.2d 232 (Tex.Civ.App.1980). On appeal the Supreme Court, 615 S.W.2d 196 (Tex. 1981), reversed our judgment and remanded the case back to us for consideration of several of Hughes' factual sufficiency points which we did not previously reach and over which the Supreme Court has no jurisdiction.

We need not detail the facts of the case, as they are set forth in our previous opinion at 610 S.W.2d 232.

Hughes brings several factual sufficiency points, however we will only discuss one, as it is dispositive of the appeal.

In point of error ten Hughes asserts the trial court erred in failing to grant Hughes' motion for new trial for reason that there was insufficient evidence that Richards was discharged for "instituting proceedings" to collect worker's compensation benefits. We agree.

In considering an "insufficient evidence" point we must consider all the evi-

dence and determine whether the jury's answer to an issue should be set aside. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965).

The evidence produced at trial almost exclusively involved the incident in Hughes' Medical Department in July of 1975, where Richards allegedly used obscene and abusive language. While this evidence may bear on the issue of whether Hughes was justified in discharging Richards for his conduct at the Medical Department, it does little to show that Hughes fired Richards for instituting proceedings to collect worker's compensation benefits.

There was no evidence of anything said by those involved in Richards' discharge to support he was fired because he instituted proceedings to collect worker's compensation benefits. On the contrary, all involved in the decision indicated Richards was fired because of his conduct in the Medical Services area. Richards himself, when asked what made him feel he was fired because he instituted a claim for worker's compensation benefits, stated that he took this position because Hughes never would accept the fact that he was hurt and because they denied him the right to go and see a doctor. Even were these allegations true, they are insufficient proof, in our view, to support the finding of the jury that Hughes fired Richards because he instituted proceedings to collect worker's compensation benefits.

In our view, the plaintiff in a suit under art. 8307c has the burden of establishing a causal link between the firing and the employee's claim for worker's compensation benefits. Once the link has been established the employer must rebut the alleged discrimination by showing there was a legitimate reason behind the discharge. The evidence adduced in our case simply does not establish this causal link.

In the other Texas cases dealing with the sufficiency of evidence to support recovery under 8307c, it is apparent that where the evidence was found to be sufficient, there was more evidence establishing the causal link than exists in the case at bar.

In *Murray Corporation of Maryland v. Brooks*, 600 S.W.2d 897, 901 (Tex.Civ.App.— Tyler 1980, no writ), there was testimony that the increased insurance premiums because of the employee's worker's compensation claims was a consideration in discharging the employee. In addition, there was testimony that rebutted the employer's stated reasons for firing the employee, as well as evidence that the only employees not called back to work after an alleged recession were the plaintiff and another employee who were the only two employees who filed any substantial worker's compensation claims.

In *Schrader v. Artco Bell Corp.*, 579 S.W.2d 534, 539 (Tex.Civ.App.—Tyler 1979, writ ref'd n. r. e.), the court found there was some evidence to support the jury's findings in a suit based on art. 8307c, based on testimony from the employee that his foreman told him he couldn't work for the company as long as an attorney was representing him. In addition, the employee testified the Executive Vice-President of the employer told him that since the company made a worker's compensation settlement with him, that they couldn't put him back to work.

The evidence in *A. J. Foyt Chevrolet, Inc. v. Jacobs*, 578 S.W.2d 445, 447 (Tex.Civ.App. —Houston [1st Dist.] 1979, no writ) revealed that the manager of parts and services told the former employee: "I would put you back to work, but I would be a dammed fool to hire you when you have a lawyer." Further, the employee testified the general manager for Foyt stated he was discharged because he would not fire his lawyer. The court found this evidence was sufficient to support the jury's verdict in favor of the employee.

In *E-Tex Dairy Queen, Inc. v. Adair*, 566 S.W.2d 37, 40 (Tex.Civ.App.—Beaumont 1978, no writ), there was testimony from the company's general manager and from the district supervisor that one of the reasons for discharging the employee was his filing of a claim for compensation benefits. The court affirmed the judgment in favor of the employee based on this testimony.

Finally, in *Texas Steel Co. v. Douglas*, 533 S.W.2d 111, 117 (Tex.Civ.App.—Fort Worth

■■■■■■■■■■■■■■■■■■■■■■■■■■■■

1976, writ ref'd n. r. e.) the former employee produced evidence which showed the company's superintendent, after learning the employee reported an injury, went out of his way to get the doctor treating him to release him for light duty at a time when the doctor advised that his condition was still such that he couldn't lift anything but the lightest objects and couldn't bend more than one time each hour. The superintendent required the employee to be at work at 6:00 a. m., and when he reported late he was immediately fired. The court found this evidence to be sufficient to raise a fact issue on the question of whether the company fired the employee because he instituted a proceeding for worker's compensation benefits.

■ Each of the above cited cases relies on evidence that shows some causal link between the firing of the employee and the employee's claim for worker's compensation benefits. From a reading of the entire record we do not feel the evidence in the instant case establishes the causal link and we therefore hold the evidence is insufficient to uphold the finding by the jury that Richards was fired because he instituted a claim for worker's compensation benefits.

Hughes' point of error ten is sustained and the case is reversed and remanded to the trial court for a new trial.