**Alfred LUNA, Appellant,**

v.

**DANIEL INTERNATIONAL CORP., Appellee.**

**No. 13–83–504–CV.**

Court of Appeals of Texas, Corpus Christi.

Dec. 13, 1984.

Charles Hood, Smith & Hood, Port Lavaca, for appellant.

R.D. Cullen, Cullen, Carsner, Seerden & Williams, Victoria, for appellee.

OPINION

PER CURIAM.

This is an appeal from a summary judgment granted against appellant in the trial court below. We reverse and remand.

Appellant had brought suit against appellee, his former employer, contending that he had been fired from his position with appellee for securing medical treatment for an on-the-job injury "while exercising his rights under the Texas Worker's Compensation Act."

Art. 8307c provides:

Sec. 1. No person may discharge or in any other manner discriminate against any employee because the employee has in good faith filed a claim, hired a lawyer to represent him in a claim, instituted, or caused to be instituted, in good faith, any proceeding under the Texas Workmen's Compensation Act, or has testified or is about to testify in any such proceeding.

Sec. 2. A person who violates any provision of Section 1 of this Act shall be liable for reasonable damages suffered by an employee as a result of the violation, and an employee discharged in violation of the Act shall be entitled to be reinstated to his former position. The burden of proof shall be upon the employee.

Sec. 3. The district courts of the State of Texas shall have jurisdiction, for cause shown, to restrain violations of this Act.

In a suit pursuant to Art. 8307c, the plaintiff has the burden of establishing a causal link between the firing and the employee's claim for worker's compensation benefits. *Hughes Tool Co. v. Richards*, 624 S.W.2d 598 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.) *cert. denied* (456 U.S. 991, 102 S.Ct. 2272, 73 L.Ed.2d 1286).

Appellee filed a motion for summary judgment, which alleged that appellee (defendant below) was "entitled to judgment as a matter of law because the uncontradicted summary judgment evidence establishes as a matter of law the lack of a causal connection between Plaintiff's discharge from employment with the Defendant and Plaintiff's claim for worker's compensation benefits as required under V.A.T.S. Art. 8307c." The summary judgment evidence relied upon by appellee in support of its motion for summary judgment was the depositions of appellant and William Cox, appellee's agent and former foreman who had discharged appellant. The record does not contain a written response filed by appellant. After a hearing, the trial court granted appellee's motion for summary judgment, ordered that appellant take nothing and assessed costs of court against appellant.

In his sole point of error, appellant asserts that appellee's motion for summary judgment was improperly granted because appellee failed to establish as a matter of law that there was no genuine issue of material fact regarding the existence of a causal connection between appellant's discharge from his employment and his "exercising his rights under the Texas Worker's Compensation Act."

■ A defendant who moves for a summary judgment has the burden of showing, as a matter of law, that no material issue of fact exists as to the plaintiff's cause of action. *Griffin v. Rowden*, 654 S.W.2d 434 (Tex.1983). This may be accomplished where the defendant is able to disprove, as a matter of law, at least one essential element of the plaintiff's cause of action. *Rosas v. Buddies Food Store*, 518 S.W.2d 534 (Tex.1975); *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex.1970).

■ As stated above, the only summary judgment evidence presented before the trial court was the depositions of appellant and William Cox. In his deposition, appellant testified as follows: He received an alleged injury to his eye on the afternoon of Wednesday, August 25. He returned to work the next morning and was twice allowed to go to the company's first aid station. His foreman, Bill Cox, "sort of" discouraged him. After having gone to the first aid station, he was then allowed to go see a doctor. Appellant had difficulty in obtaining transportation to and from the doctor's office. Cox told appellant that he was too busy right then and that he didn't have the time to drive appellant to the doctor's office. Eventually, appellant was able to get a ride from his brother to the doctor's office. Following his examination, the doctor told appellant that appellant could go back to work "but just don't do nothing." Appellant walked from the doctor's office to his home where he waited for a ride back to work for "a pretty good while—45 minutes or something like that." Upon his return to work later that afternoon, appellant was confronted with Cox, who complained about appellant not having "come back right fast." After inquiring why appellant took so long returning from the doctor's office, Cox told appellant that appellant was being discharged because he took too long in returning from the doctor's office. Appellant did not discuss worker's compensation benefits with Cox at the time he was terminated, although they did discuss payment of the doctor's bill for which Cox stated "the company have to pay for it or something." Cox had not threatened appellant in any way about going to the doctor's office, but he was "kind of in a bad mood" and was mad about appellant's visit to the doctor "because he didn't want to do the paperwork or something" or "didn't want the company to know about it or something." Cox did not tell appellant that appellee would not pay for appellant's doctor's visit, although appellant offered to have his own insurance policy cover the cost of the doctor's visit.

William Cox's deposition testimony shows: Appellant complained of his injury on the afternoon of Wednesday, August 25, at which time he was sent to the nurse's station at the worksite. The following morning (Thursday), appellant came back to the worksite and was allowed to leave at about 8:10 a.m. to go to see a doctor. Appellant said that he had a ride to the doctor's office. Appellant did not return that same day, but returned the next day (Friday). When appellant did return to work that next morning (Friday), Cox asked appellant where he had been the day before; appellant replied that he went home to rest. Cox had called the doctor's office the day before and had been informed that appellant was able to return to work that same day. Cox then dismissed appellant because appellant had failed to return to work after going to see the doctor on the previous day and because "I was going to have to terminate—layoff people anyway the following—the same afternoon and I just went ahead and gave Mr. Luna his papers that morning." Deposition Exhibit No. 1 to Cox's deposition indicates appellant was terminated on "08–26–82," "Involuntary Termination Code *:62."

803

As evidenced by the summary judgment evidence, both appellant and William Cox testified that the stated reason for appellant's discharge was appellant's failure to timely return from his doctor's visit; however, as noted above, appellant testified that Cox was "kind of in a bad mood" and was mad about appellant's visit to the doctor "because he didn't want to do the paperwork or something "or" didn't want the company to know about it or something." We hold that appellant's deposition testimony regarding Cox's attitudes towards appellant's doctor's visit was sufficient to raise at least a fact issue as to the causal connection between appellant's discharge and his possible claim for worker's compensation benefits. We sustain appellant's sole point of error.

The judgment of the trial court is REVERSED, and the cause is REMANDED to the trial court for a trial on the merits.