**Milton Carrol HUNT, Appellant,**

v.

**VAN DER HORST CORPORATION, Appellee.**

No. 05–85–00978–CV.

Court of Appeals of Texas, Dallas.

April 30, 1986.

Michael A. Yonks, Lyon & Lyon, Mesquite, for appellant.

James J. Lee and Courtenay L. Bass, Winstead, McGuire, Sechrest & Minick, Dallas, for appellee.

Before VANCE, DEVANY and SCALES, JJ.

DEVANY, Justice.

Milton Carrol Hunt appeals a summary judgment against him in his suit against his former employer, Van Der Horst Corporation, claiming that the employer wrongfully terminated his employment because he filed a workers' compensation claim. Van Der Horst contends that summary judgment was appropriate because it conclusively established: (1) that, at the time it fired Hunt, he had taken no steps towards instituting a workers' compensation claim; and (2) that Van Der Horst decided to fire Hunt before his alleged injury, thereby conclusively establishing that there was no causal connection between Hunt's workers' compensation claim and his termination. We agree with Hunt that material issues of fact remain unresolved and, therefore, reverse the judgment of the trial court and remand for a trial on the merits.

Hunt was first employed by Van Der Horst at its Terrell, Texas plant in 1956. He worked there, off and on, voluntarily leaving twice to pursue other employment until January of 1968. At that point Van Der Horst rehired Hunt. Hunt worked virtually continuously for Van Der Horst until he was fired on February 12, 1981. During this final period of employment, however, a brief hiatus occurred on April 1, 1980 when Herbert Hallett, the general manager of the Terrell plant, filled out, and then immediately voided, a termination slip for Hunt. When Hunt was fired on February 12, 1981, he was the Chief Inspector at the Van Der Horst plant.

In support of its motion for summary judgment, Van Der Horst presented evidence that its decision to fire Hunt was made by Hallett and Robert Phillips, the plant supervisor, on February 6, 1981. Van Der Horst's summary judgment evidence on this issue includes Hallett's deposition and affidavits of Phillips and Jeanette Wadle. Hallett stated that on the morning of February 12, he filled out a termination slip for Hunt. Wadle stated in her affidavit that she saw the filled-out termination slip before lunch on the 12th.

Hunt's alleged injury occurred at about 2:00 p.m. on February 12. Hunt failed to fill out an accident report, although he swore in his deposition that he did inform Pete Kuban, his supervisor, that he was going home and to see a doctor because of his injury. Hallett telephoned Hunt at about 3:30 p.m. and told him that he was fired.

Hunt's cause of action is based on article 8307c of the Workers' Compensation Act, which provides in part:

> No person may discharge or in any other manner discriminate against an employee because the employee has in good faith filed a claim, hired a lawyer to represent him in a claim, instituted or caused to be instituted, in good faith, any proceeding under the Texas Workmen's Compensation Act, or has testified or is about to testify in any such proceedings.

TEX.REV.CIV.STAT.ANN. art. 8307c (Vernon Supp.1986).

Van Der Horst first contends that summary judgment was appropriate because it conclusively established that there was no causal connection between Hunt's workers' compensation proceeding and Van Der Horst's decision to fire him. It maintains that it has established this by showing that the decision to fire Hunt was made before Hunt suffered his alleged injury and because Hallett was unaware that Hunt claimed to have been injured when Hallett informed him that he was fired.

■ We cannot agree with Van Der Horst's contention that, if it had decided to fire Hunt prior to his alleged injury, the actual act of firing Hunt, which occurred after his alleged injury, could not be causally connected with his workers' compensation claim. As previously noted, Hallett filled out a termination slip for Hunt on a prior occasion, but this decision was voided. Additionally, Hallett deposed, "It had been my intent to let (Hunt) work out the week, but he was definitely discharged." February 12, 1981 fell on a Thursday. Thus, the alleged decision to terminate Hunt was implemented a day ahead of schedule according to Hallett's own testimony.

■ Hunt could maintain a successful action under article 8307c if there is a causal connection between his workers' compensation claim and his termination even if this were not the only reason he was fired. *Santex, Inc. v. Cunningham,* 618 S.W.2d 557, 560 (Tex.Civ.App.—Waco 1981, no writ). Especially in light of the prior voided termination slip, we could not conclude, even if Van Der Horst had conclusively established that it had formed an executory intention to fire Hunt prior to his alleged injury, that there was no fact issue as to whether Hunt's workers' compensation claim was at least a factor in its final decision to fire him.

Even if Van Der Horst would have been entitled to judgment if it could establish that it intended to fire Hunt before his alleged injury, summary judgment would nevertheless have been improper here because this intent does not appear conclusively from the record. Van Der Horst relies on statements of intent made by Hallett and Phillips and on the Wadle affidavit in which Wadle states that she saw the completed termination slip before the alleged injury occurred. Van Der Horst argues that the Wadle affidavit is summary judgment proof by a disinterested party because Wadle is no longer employed by Van Der Horst. We note, however, that in her affidavit Wadle alleges affirmatively that she was a Van Der Horst employee on February 12, 1981, but she does not indicate that she is no longer employed there. We have found no other evidence in the record that would show that Wadle is no longer a Van Der Horst employee.

■ Summary judgment based on affidavits of employees and other interested witnesses is inappropriate on the issue of intent. *Bankers Commercial Life Insurance Co. v. Scott,* 631 S.W.2d 228, 231 (Tex.Civ.App.—Tyler 1982, writ ref'd n.r. e.). Indeed, summary judgment is rarely appropriate at all on the issue of intent. *See Valley Stockyards Co. v. Kinsel,* 369 S.W.2d 19, 20 (Tex.1963); *United Parcel Service v. Helen of Troy Corp.,* 536 S.W.2d

415, 418 (Tex.Civ.App.—El Paso 1976, no writ).

Hunt points to his twenty-two years of service with Van Der Horst; the fact that he was not informed that he was fired until after his injury; Hallett's statement that he had intended to let Hunt work out the week, but instead fired him immediately after he sustained the alleged injury; and most importantly, to his own controverting affidavit made in support of his summary judgment response:

> During a portion of the time that I was employed by Van Der Horst Corporation of America, I was a member of the accident board. During meetings of the accident board, I have personally heard Mr. Herb Hallett state to the effect that, 'Workers' Compensation was going up every time someone got hurt and that we had to stop it.'

We agree with Van Der Horst that the alleged admission by Hallett may be construed as a proper management concern, with his intention being to prevent injuries rather than meritorious workers' compensation claims. However, in a summary judgment proceeding, every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in his favor. *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984). We conclude that, even if Van Der Horst's evidence were otherwise competent to sustain a summary judgment, it has not established that there is no material issue of fact regarding a causal connection between Hunt's discharge and his workers' compensation claim. *Cf. Luna v. Daniel International Corp.*, 683 S.W.2d 800, 803 (Tex. App.—Corpus Christi 1984, no writ) (employee's testimony of somewhat hostile attitude of employer regarding visit to doctor raised fact issue under article 8307c despite stated reason for discharge being failure of employee to return to work after being released to do so by doctor).

Finally, Hallett's statement that he did not know that Hunt had injured his back when he fired him could not have been readily controverted. Additionally, Hunt's statement that he informed his supervisor of his injury at 2:00 p.m. is sufficient to raise a fact issue of Hallett's knowledge of this at 3:30 p.m.

Van Der Horst's other rationale for upholding its summary judgment is that Hunt had not taken sufficient steps toward perfecting his workers' compensation claim for article 8307c to apply. We disagree.

The legislative purpose of article 8307c is to "protect persons who are entitled to benefits under the Worker's [sic] Compensation Law and to prevent them from being discharged by reason of taking steps to collect such benefits." *Carnation Co. v. Borner*, 610 S.W.2d 450, 453 (Tex.1980); *Texas Steel Co. v. Douglas*, 533 S.W.2d 111, 115 (Tex.Civ.App.—El Paso 1976, writ ref'd n.r.e.). In accordance with this purpose, it has been held that the article may apply to a situation in which the employee was fired before filing his claim for compensation. *Texas Steel Co.*, 533 S.W.2d at 115–16.

In the instant case, Hunt deposed that, before he was told that he was fired, he informed his supervisor that he had suffered an injury on the job and that he was going home and to see a doctor. We conclude that, in light of the purpose of article 8307c, Hunt had at this point "instituted a proceeding" under the Act. To hold otherwise would be to reward employers who are particularly adept at anticipating and quick in firing potential workers' compensation claimants over those who are slower to retaliate. At the trial on the merits, the trier of fact will, of course, be free to draw whatever inference it wishes from the preliminary nature of the proceeding when Hunt was terminated regarding a causal connection between Hunt's workers' compensation proceeding and Van Der Horst's termination of his employment.

The judgment of the trial court is reversed and the cause is remanded for trial.