**Marthana HARRIS**

v.

**The AMERICAN RED CROSS.**

**No. EP–89–CA–271.**

United States District Court,
W.D. Texas,
El Paso Division.

Nov. 5, 1990.

Evelina Ortega, Caballero, Panetta & Ortega, El Paso, Tex., for plaintiff, Marthana Harris.

Elizabeth Zeck and B. Lee Crawford, Brown, Maroney, Oaks & Hartline, Austin, Tex., Bryan, Tex., for movant, American Red Cross.

## MEMORANDUM OPINION AND ORDER

BUNTON, Chief Judge.

BEFORE THIS COURT is the Defendant American Red Cross, with its Motion for Summary Judgment in the above-captioned cause. Upon consideration of the pleadings, evidence offered by the parties in support of their arguments, and the controlling law, the Court is of the opinion the Defendant's Motion for Summary Judgment is meritorious and should therefore be granted.

## BACKGROUND

Plaintiff Marthana Harris ("Harris") began complaining of vision problems and headaches to her employer, the Defendant American Red Cross ("Red Cross"), in early October of 1987. During the next 2½ months, while she was on sick leave, Harris saw a series of doctors, some of her choosing and two at the request of the Red Cross. These doctors could not agree on the Plaintiff's condition, with the doctors of the Plaintiff recommending 3—6 months off work, and the doctors of the Defendant finding nothing wrong with Harris. The Red Cross then asked its Chief Medical Officer in Washington, D.C. to review all the doctors' reports. After the Medical Officer concluded the Plaintiff was medically able to work, Harris was instructed by her supervisor, Don Fredell to report to work. Harris was terminated from her employment with the Red Cross when she did not report to work as requested. After her termination, Harris filed a claim for workers comp. benefits, alleging job-related stress, from her employment. Plaintiff alleges she was terminated because of the job-related stress, and filed this action alleging retaliatory discharge under Texas Rev.Civ.Stat.Ann.Art. 8307c.

Red Cross claims Harris's termination was based solely upon the Red Cross' determination that she was able to work, and her choice thereafter not to return to work. Red Cross filed this Motion for Summary Judgment alleging Harris failed to prove a causal connection between her visits to her doctors for the stress claim and her termination.

## STANDARD ON MOTION FOR SUMMARY JUDGMENT

Rule 56(c) of the Federal Rules of Civil Procedure provides for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Rule 56(e) states:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set

forth specific facts showing that there is a genuine issue for trial.

█ Thus, the focus of this court is upon disputes over material facts; facts which might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986).

*Anderson v. Liberty Lobby* requires this Court to substantively evaluate the evidence offered by the moving and non-moving party to determine whether the evidence raises a "material" fact question which is "genuine". *Id.* 106 S.Ct. at 2510–11. Therefore, a motion for summary judgment shifts to the non-moving party the burden to "make a showing sufficient to establish the existence of [each] element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

This Court has demonstrated its willingness to allow non-moving parties their day in court in borderline cases where under governing law or reasonable extensions of existing law, the hearing of some testimony would be helpful to understanding the proper application of the law. Unfortunately, the Plaintiff's claims in the suit sub judice, do not warrant trial to a jury.

## DISCUSSION

The legislative purpose of Article 8307c is to "protect persons who are entitled to benefits under the Worker's Compensation Law and to prevent them from being discharged by reason of taking steps to collect such benefits." *Carnation Co. v. Borner*, 610 S.W.2d 450, 453 (Tex.1980). Thus Harris would have a cause of action if she was discharged for filing a worker's comp. claim, even though it might not be the only reason for her discharge. *Santex, Inc. v. Cunningham*, 618 S.W.2d 557, 560 (Tex. Civ.App.—Waco 1981, no writ). However, under Art. 8307c, Harris must prove a causal link between her termination and her claim for worker's compensation bene-

fits. *Luna v. Daniel Intern Corp.*, 683 S.W.2d 800, 801 (Tex.App.—Corpus Christi 1984); *Benton v. Kroger Co.*, 640 F.Supp. 1317 (S.D.Tex.1986); *Hughes Tool Co. v. Richards*, 624 S.W.2d 598 (Tex.App.— Houston 1981, writ ref'd n.r.e.), *cert. denied*, 456 U.S. 991, 102 S.Ct. 2272, 73 L.Ed.2d 1286 (1982). Harris cannot hope to prove this link, because at the time of her discharge, on December 19, 1987, she had not filed a claim for worker's compensation benefits. Only after her termination, on December 29, 1987, did Harris file a claim. This is evidenced by a "Received" stamp by the Industrial Accident Board on Harris's claim, dated December 29, 1987, attached to Plaintiff's Response to Summary Judgment as Exhibit L.

Harris, however, claims under Texas law, she was entitled to follow her doctor's recommendations, was not required to return to work until released by her treating doctor, and may not be terminated by her employer while undergoing treatment for an on the job injury. The Plaintiff supports this argument with the cases of: (1) *Texas Steel Co. v. Douglas*, 533 S.W.2d 111 (Tex.Civ.App.—Fort Worth 1976) (Plaintiff discharged after employer's insurance carrier paid Plaintiff two weeks of worker's comp. benefits, Plaintiff released by his doctor to do light work, and reported to work three hours late. Court held, Plaintiff had instituted proceeding under workers comp., thus jury verdict would stand.); (2) *Luna v. Daniel Intern. Corp.*, 683 S.W.2d 800 (Tex.App.—Corpus Christ 1984); (3) *Hunt v. Van Der Horst Corp.*, 711 S.W.2d 77 (Tex.App.—Dallas 1986); and (4) *Santex, Inc. v. Cunningham*, 618 S.W.2d 557 (Tex.Civ.App.—Waco 1981) (Jury verdict supported because Plaintiff had filed claim prior to discharge, although claim was not the only reason for discharge.) Although the cases cited by the Plaintiff all deal with retaliatory discharge under Art. 8307c, neither of these cases hold the occurrence of a workplace injury guarantees the plaintiff the right to return to work. Furthermore, the appellate courts in *Hunt* and *Luna*, while allowing Plaintiffs to proceed with their claims in

the absence of a comp. claim, both involved cases where the employee was discharged almost immediately after an on the job injury. In the instant case, Plaintiff was allowed to remain on sick leave for a period of 2½ months, during which time the Red Cross awaited a decision regarding the Plaintiff's ability to resume work. During this time, Plaintiff was examined by several doctors, all with differing prognosis. It was only after Red Cross determined Harris was medically able to return to work, and she refused to report as directed, did Red Cross terminate her employment.

■ The *Texas Steel Co.*, case cited by the Plaintiff, is closer to the case at hand. 533 S.W.2d 111. In that case, the plaintiff produced evidence which showed the company's superintendent, after learning the employee reported an injury, went out of his way to get the doctor treating him to release him for light duty, and then required the employee to be at work at 6:00 a.m. When the employee reported late because of the medicine he was taking, he was immediately fired. *Id.* at 114–115. The court concluded the employee's receipt of compensation payments from the employer's compensation insurer amounted to the initiation of "proceedings" under the statute, placing the Plaintiff within the protective ambit of the antiretaliation provision. However, in the instant case, there is no evidence the Plaintiff received benefits or even applied for benefits from the Red Cross. Furthermore, there is no showing of retaliatory motive. The only evidence of retaliation presented by Harris is that she was terminated when she chose her doctor, over her job. Also, Harris does not remember telling the Red Cross she planned to file a comp. claim or recall any statements or actions by anyone at Red Cross, which made her believe her termination was related to her visits to doctors. [Pltff. Depo., p. 148–149].

This Court is of the opinion, Harris failed to establish the causal link between her discharge and visits to doctors. *Benton v. Kroger*, 640 F.Supp. at 1321. There was no evidence of anything said by those involved in Harris's discharge to support she was fired because she was seeing doctors for the alleged job-related stress. On the contrary, all involved in the decision, indicated Harris was terminated because she failed to report when instructed by her supervisor. None of the evidence produced by Harris create a genuine issue on a material fact that the Red Cross discriminated against her because she was undergoing treatment by doctors at the time of her discharge.

■ This Court is of the further opinion, under Texas law, an employer, may terminate an at will employee who is off-work with a job-related injury, without violating Art. 8307c. In the recent case of *Brown v. Southwestern Bell Telephone Co.*, 901 F.2d 1250 (5th Cir.1990), the employee raised state law claims, which although different from the Plaintiff's claims in the instant case, were based upon the same choice "between his doctor and his job" as Harris argues here. *Id.* at 1253. While the Court decided the employee's claims in Brown on preemption grounds, the decision recognizes, absent a discriminatory motive, an employer may require an employee to return to work even if the employee subjectively believes he is medically unable to work. Texas state courts have consistently found that an employee with a work-related injury may be lawfully terminated, so long as the employer's motive is not to discriminate for taking steps to collect worker's compensation. *Farah Mfg. Co. v. Alvarado*, 763 S.W.2d 529 (Tex.App.—El Paso 1988) (employee in art. 8307c case terminated when unable to return to work following job-related injury; verdict for employee in 8307c case reversed on other grounds); *Hughes Tool Co. v. Richards*, 624 S.W.2d at 599. Accordingly,

IT IS ORDERED the Motion of the Defendant American Red Cross for Summary Judgment be and is hereby GRANTED.

IT IS FURTHER ORDERED the above-captioned cause be and is hereby DISMISSED.