United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 15, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-40953

_____

TRAVIS HORTMAN,

Plaintiff - Appellant,

versus

RANSOM INDUSTRIES, doing business
as Tyler Pipe Industries, Inc.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:02-CV-80

_____

Before JOLLY, DUHÉ, and STEWART, Circuit Judges.

PER CURIAM:[*]

Travis Hortman was injured while working for Ransom Industries ("Ransom") and filed for workers' compensation. After a year's absence from work, Ransom discharged Hortman under its neutrally applied absence-control policy, which was derived from the collective bargaining agreement between Ransom and Hortman's union. Hortman sued Ransom for discrimination and retaliatory discharge under TEX. LAB. CODE ANN. § 451.001 (West 2004). The district court granted summary judgment to Ransom, and we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hortman offered no evidence that the filing of his claim motivated his discharge, certainly not that it constituted a "determining factor" as required by § 451. Moreover, it is well established that § 451 "does not prohibit an employer from enforcing a 'neutrally applied absence control policy' against a workers' compensation claimant." Swearingen v. Owens-Corning Fiberglas Corp., 968 F.2d 559, 561 (5th Cir. 1992); Texas Div.-Tranter, Inc. v. Carroza, 876 S.W.2d 312, 313 (Tex. 1994) ("Uniform enforcement of a reasonable absence-control provision . . . does not constitute retaliatory discharge.").[1] Ransom provided undisputed evidence of its uniform application of its absence-control policy, which on a motion for summary judgment was sufficient to require Hortman to present controverting evidence.[2] Hortman's conclusory allegations are simply insufficient to establish a genuine issue of material fact regarding the application of the policy to him, which would preclude summary judgment.

---

[1]See also Continental Coffee Products v. Cazarez, 937 S.W.2d 444, 451 (Tex. 1996) ("If an employee's termination is required by the uniform enforcement of a reasonable absentee policy, then it cannot be the case that termination would not have occurred when it did but for the employee's assertion of a compensation claim or other conduct protected by section 451.001.").

[2]See Carroza, 876 S.W.2d at 313 (affidavits of supervisory and administrative personnel stating that employee's discharge was result of reasonable absence-control policy were sufficient for summary judgment).

Similarly, it is clear that Hortman has not alleged actionable discrimination based on retaliation short of discharge under § 451's substantial threshold. A prima facie case of retaliation under § 451.001 requires proof that: (1) plaintiff engaged in a protected activity; (2) an adverse employment action occurred; and (3) there is a causal connection between participation in the protected activity and the adverse employment decision. See, e.g., West v. Maintenance Tool & Supply Co., 89 S.W.3d 96, 105 (Tex. App. - Corpus Christi 2002). A few Texas courts have applied this analysis to actions falling short of discharge, but they have demanded proof of a discriminatory change in the status of plaintiff's employment. Here, there was no change in job status other than Hortman's ultimate discharge.[3]

In sum, we find, for the reasons set forth by the district court, that Hortman presented no issue of material fact and that Ransom is entitled to judgment as a matter of law. Accordingly, the district court's judgment is

AFFIRMED.

---

[3]Hortman also did not present evidence that employees without workers' compensation claims were treated differently, which is obviously the gravamen of any discrimination claim. See, e.g., Baptist Mem. Healthcare Sys. v. Casanova, 2 S.W.3d 306, 311 (Tex. App. - San Antonio 1999). Moreover, Ransom's absence-control policy gives employees injured on the job (and filing for workers' compensation) twelve months of leave prior to discharge, while it gives those absent for non-work related illness or injury only nine months.

3