**PARKWAY/LAMAR PARTNERS,
L.P., Appellant,**

v.

**TOM THUMB STORES, INC., Appellee.**

No. 2–93–265–CV.

Court of Appeals of Texas,
Fort Worth.

June 1, 1994.

Rehearing Overruled July 12, 1994.

Harris, Finley & Bogle, P.C., and Bill F. Bogle, Andrew D. Sims, and Russell R. Barton, Fort Worth, for appellant.

Cantey & Hanger, L.L.P., and Edward L. Kemble and Shayne D. Moses, Fort Worth, for appellee.

Before FARRIS, LATTIMORE and DAY, JJ.

## OPINION

FARRIS, Justice.

Lessor, Parkway/Lamar Partners, L.P. (Parkway), sued lessee, Tom Thumb Stores, Inc. (Tom Thumb), to terminate a commercial real estate lease. Parkway moved for summary judgment on the ground that Tom Thumb and/or its guarantor, Cullum Companies, Inc. (Cullum), were in default because they were insolvent. Tom Thumb filed a counter-motion on the ground that it and Cullum were solvent, and the trial court entered judgment for Tom Thumb.

Parkway claims the trial court erred in denying its motion and in granting Tom Thumb's. By cross-point, Tom Thumb claims Parkway's affidavits were not competent summary judgment proof. After reviewing the record, we hold no material fact issue exists and Tom Thumb is entitled to judgment as a matter of law. We overrule points of error one and two, we do not address the counterpoint, and we affirm the judgment.

In its first point of error, Parkway challenges the judgment for Tom Thumb claiming the trial court entered judgment on a ground not specifically set forth in Tom Thumb's motion, and Tom Thumb did not prove it could meet its debts as they became due. For the reasons set forth below, we hold the judgment was entered on the ground raised by Tom Thumb, and the summary judgment proof established, as a matter of law, Tom Thumb and Cullum were solvent.

■ In entering its judgment, the trial court considered the motions, including the documents, exhibits, and arguments of counsel, found Tom Thumb had not defaulted under the lease, inasmuch as it had paid all rental due under the lease on time, and struck Parkway's requested finding that the judgment was entered without regard to whether Tom Thumb or Cullum was insolvent. By striking Parkway's request, the trial court impliedly regarded the solvency of Tom Thumb and Cullum when it entered its judgment. Consequently, the trial court entered judgment on the ground raised by Tom Thumb.

The remaining issue, under this point, is whether Tom Thumb established no material issue of fact existed concerning its or Cullum's solvency. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979); Tex.R.Civ.P. 166a. The burden of proof is on Tom Thumb as the movant, and all doubts as to the existence of a material fact issue are resolved against it. *See Great American R. Ins. Co. v. San Antonio Pl. Sup. Co.*, 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence in the light most favorable to Parkway. *See id.* In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to Parkway will be accepted as true. *See Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984). Evidence which favors Tom Thumb's position will not be considered unless it is uncontroverted. *See Great American,* 391 S.W.2d at 47.

To decide whether a fact issue existed concerning the solvency of Tom Thumb and Cullum, we must discern the meaning of "insolvency." The meaning of "insolvency" is not definitely fixed and it is not always used in the same sense, but its definition depends rather on the business or fact situation to which the term applies. *Howell v. Knox,* 211 S.W.2d 324, 328 (Tex.Civ.App.—Austin 1948, writ ref'd n.r.e.). Here, we are concerned with the term "insolvency" in the commercial real estate context and with how it is used in the lease.

■ Tom Thumb contends insolvency occurs when a corporation is unable to pay its debts as they become due in the usual course of business. *See* Tex.Bus.Corp.Act § 1.02(10) (Vernon Supp.1994). Parkway claims insolvency occurs when an entity (1) has ceased to pay its debts in the ordinary course of business, or (2) cannot pay its debts as they become due, or (3) is insolvent within the meaning of the federal bankruptcy law. Tex.Bus. & Com.Code Ann. § 1.201(23) (Tex. UCC) (Vernon 1968). Under federal bankruptcy law, insolvency means an entity's debts are greater than all its property, at a fair valuation. 11 U.S.C.S. § 101(32) (Law. Co-op.Supp.1993). We reject Parkway's definition because the definitions in section 1.201 only apply to transactions covered by the Uniform Commercial Code (UCC). *See* Tex. Bus. & Com.Code Ann. § 1.201 (Tex.UCC) (Vernon 1968); *First Nat'l Bank v. Foley,* 26 S.W.2d 314, 317 (Tex.App.—Amarillo 1930, writ ref'd). Lease transactions are not transactions in goods covered by the UCC, they are covered by the Business Corporation Act. *See* Tex.Bus. & Com.Code Ann. § 1.201 (Tex.UCC) (Vernon 1968); Tex.Bus. Corp. Act § 1.02(10) (Vernon Supp.1994).

To accept Tom Thumb's definition of insolvency, we must find it is the only definition possible given the context in which the term is used. The lease does not define "insolvent." Therefore, we must discern its meaning by viewing the term in context.

According to the lease, the landlord has the right to re-enter the premises:

[I]f Tenant or any guarantor of this Lease shall become *bankrupt or insolvent,* or file any debtor proceedings or take or have taken against Tenant or any guarantor of this Lease in any court pursuant to any statute either of the United States or of any State a petition in bankruptcy or insolvency or for reorganization or for the appointment of a receiver or trustee of all or a portion of Tenant's or any such guarantor's property.... [Emphasis added.]

Given the parties listed bankruptcy as a separate ground for terminating the lease, it is apparent they intended the term *insolvent* to take on a different meaning than that proffered by Parkway. Parkway's definition includes the bankruptcy definition of insolvent. *See* TEX.BUS. & COM.CODE ANN. at § 1.201(23). Had the parties intended *insolvent* to include the bankruptcy definition, the bankrupt condition would not have been separated out as an individual basis for default.

Considering the Business Corporation Act's definition of insolvency, considering the parties chose to make bankruptcy a separate basis for default, and considering that generally insolvency means a debtor's failure or refusal to pay his debts in the due course of business, *see Bandy v. First State Bank,* 835 S.W.2d 609, 621 (Tex.1992), we hold "insolvency" means an inability to pay debts as they mature.

Now, we review the summary judgment proof to determine whether it establishes Tom Thumb and Cullum were solvent. In doing so, we will first address Parkway's claim the affidavits of James Stiles, C.P.A. for Cullum and Tom Thumb, and Darl Hatfield, C.P.A. at Peat Marwick who reviewed Tom Thumb's financial statements, were erroneously admitted because they violated the best evidence rule, concerned the intent of the contracting parties, were hearsay, and contradicted admissions.

The best evidence rule requires the document be introduced when the party is attempting to prove up the contents of the document. *Harris v. Varo, Inc.,* 814 S.W.2d 520, 523 (Tex.App.—Dallas 1991, no writ). Stiles' affidavit explained accounting techniques, their relation to documents already in the record, and carry-over provisions in accounting. Hatfield's affidavit explained generally accepted accounting principles for goodwill and intercompany debts. Because these affidavits did not try to prove up any documents, they did not violate the best evidence rule.

Summary judgment based on affidavits of employees and other interested witnesses is inappropriate on the issue of intent. *Hunt v. Van Der Horst Corp.,* 711 S.W.2d 77, 79 (Tex.App.—Dallas 1986, no writ). Stiles' affidavit explained Cullum never intended to make demand for payment of the intercompany debt. Hatfield's affidavit contained a hearsay statement that the parties did not intend to demand payment of the intercompany note. Because summary judgment did not depend on Cullum's intent to collect the intercompany payable, the trial court did not err in overruling Parkway's objection on hearsay and the issue of intent.

A judicial admission is conclusively binding upon the party making the admission. *See Mendoza v. Fidelity & Guar. Ins.,* 606 S.W.2d 692 (Tex.1980). Contrary to Parkway's claim that Stiles' and Hatfield's affidavits contradicted Tom Thumb's admission it had a negative net worth of $42,415,-000, they only explained the accounting principles behind the negative net worth figure to show Tom Thumb could pay its debts as they became due.

After reviewing the affidavits, we hold the trial court did not err in overruling Parkway's objections.

Next, we address Parkway's claim it proved, as a matter of law, Tom Thumb could not pay all its debts as they became due. First, we note the undisputed evidence shows Tom Thumb has never missed or been delinquent with a payment under the lease and Cullum is not now, nor was there evidence it had ever been, behind on any indebtedness.

Parkway makes no claim Cullum is unable to meet its obligations as they come due. It only alleges Tom Thumb is unable to meet its debts. To substantiate its allegation, Parkway in essence makes the liabilities greater than assets argument we rejected above.

In particular, Parkway claims an intercompany payable of $284,770,000, listed under Tom Thumb's liabilities, is a demand debt, because there are no notes evidencing it, and it must be considered currently due. And further, if it is currently due, Tom Thumb could not pay all its debts because, when combined with other short term obligations, Tom Thumb's liabilities exceed their assets.

In making this argument, Parkway asks us to consider only the financial statements on Tom Thumb Stores, Inc. when normally a consolidated statement is considered. In considering Tom Thumb's financial statement, we note Tom Thumb uses the purchase accounting system, and therefore, any accounts payable to affiliated companies is a bookkeeping item which is offset by the accounts receivable from affiliated companies. Therefore, the intercompany payable listed in Tom Thumb's individual balance sheet does not affect its financial status because it is eliminated when a consolidated statement is prepared for Cullum and its subsidiaries and Tom Thumb's assets of $324,835,000 exceed its current debts of $61,280,000. Parkway produced no summary judgment proof controverting the accounting practices of Tom Thumb and Cullum.

Because the uncontroverted evidence establishes Tom Thumb and Cullum have paid their debts as they mature and do not have maturing debts greater than liquid assets, they are solvent as a matter of law, and point of error one is overruled. In addition, we overrule point of error two because it depends on Parkway's definition of "insolvency" which we rejected in point of error one. Because we affirm the judgment for Tom Thumb, we do not address Tom Thumb's counterpoint because it does not provide additional relief.

The judgment is affirmed.