**AFFIRM in Part, REVERSE in Part, and REMAND; Opinion Filed April 7, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01737-CV

### GID PORTER, Appellant
### V.
### SOUTHWESTERN CHRISTIAN COLLEGE, JACK EVANS, AND HERBERT EVANS, Appellees

### On Appeal from the 86th Judicial District Court
### Kaufman County, Texas
### Trial Court Cause No. 82412-86

## OPINION

Before Justices Francis, Lang-Miers, and Lewis
Opinion by Justice Lewis

Gid Porter appeals the trial court's order granting summary judgment and dismissing all of his claims against appellees Southwestern Christian College (the "College"), Jack Evans ("Jack), and Herbert Evans ("Herbert"). In this Court, Porter contends the trial court erroneously granted summary judgment on his claims against all appellees for slander, conspiracy, and intentional infliction of emotional distress. We reverse the trial court's judgment dismissing Porter's slander and conspiracy claims against Herbert and the College. In all other respects, we affirm the trial court's order.

### Background

In 2010, Porter was the head track coach at the College. Herbert was the College's athletic director and Porter's supervisor. Jack, Herbert's father, was the College's president.

It is undisputed that Porter allowed two ineligible athletes to run in a meet in March 2010. Porter first denied this, but later admitted it. Herbert discovered what Porter had done and reported it to Jack; Jack terminated Porter. Porter unsuccessfully appealed his termination to the College's Board of Directors. During the appeal hearing before the Board, Jack told the Board that Porter was a liar and of low moral character.

In the meantime—according to Porter—Herbert had failed to submit certain required student eligibility forms to the National Junior College Athletic Association (the "NJCAA"), the governing body for the College's athletic programs. Porter contends it was Herbert's job to create and submit those forms; Herbert contends it was Porter's job to do so.

Because of the failure to submit eligibility forms in a timely fashion, the NJCAA initiated an audit of the College's track program. Herbert acknowledges he did not respond to the audit request; he says he did not respond because the penalty for that failure would be less than the penalty that would be incurred for running ineligible athletes in a track meet. The NJCAA sanctioned the track program by refusing to allow them to compete in the 2010 outdoor track and field national championships. Herbert addressed the track team and told members they were not able to compete in the championships because Porter ran ineligible athletes. According to Porter, Herbert made the same statement to Kragen Hawkins, the father of one of the track-team members. Porter contends Herbert's version of the sanction spread throughout the track-and-field community, preventing Porter from obtaining another job.

Porter sued Jack and Herbert on theories of slander, conspiracy, and intentional infliction of emotional distress. Porter also sued the College on all three grounds, asserting in his petition that both Jack and Herbert were acting in the course and scope of their employment, making the College vicariously liable under the theory of respondeat superior. Appellees moved for both

–2–

no-evidence and traditional summary judgment on all three claims, and the trial court granted the motion without specifying the basis for its ruling. Porter appeals.

## Summary Judgment Standards

We review the grant of summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). Porter's first three issues address his no-evidence motion. We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). To defeat a no-evidence summary judgment, the nonmovant is required to produce evidence that raises a genuine issue of material fact on each challenged element of his claim. *Id.*; *see also* Tex. R. Civ. P. 166a(i). In this case, appellees challenged all three of Porter's claims in their no-evidence motion. Porter's fourth through seventh issues address appellees' traditional summary judgment motion. With respect to a traditional motion for summary judgment, the movant has the burden to demonstrate that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). In reviewing both a traditional and no-evidence summary judgment, we consider the evidence in the light most favorable to the nonmovant. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009); *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). We credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

## Respondeat Superior

At the threshold, we point out that Porter pleaded the College was responsible for Jack and Herbert's allegedly tortious conduct pursuant to respondeat superior. This common law rule renders an employer vicariously liable for the tortious conduct of an employee acting within the

–3–

scope of his employment, although the employer has not personally committed a wrong. *See Baptist Mem'l Hosp. Sys. v. Sampson*, 969 S.W.2d 945, 947 (Tex. 1998). A plaintiff pleading respondeat superior bears the burden of establishing that the employee acted within the course and scope of his employment. *Parker*, 249 S.W.3d at 397 (citing *Leadon v. Kimbrough Bros. Lumber Co.*, 484 S.W.2d 567, 569 (Tex. 1972)). But appellees' no-evidence summary judgment motion did not challenge Porter's ability to prove Herbert and Jack acted in the course and scope of their employment. Nor did appellees' traditional summary judgment motion attempt to establish as a matter of law that the individual defendants were *not* acting in the course and scope of their employment when they made the complained-of statements. We are left with Porter's unchallenged pleading of respondeat superior. We conclude, therefore, that if any claims against the individual defendants survive summary judgment, the corresponding claims against the College must survive as well.

### Slander

"Slander is a defamatory statement that is orally communicated or published to a third person without legal excuse." *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995).

*No-Evidence Motion*

Appellees' no-evidence motion made the following four challenges to Porter's slander claim:

> First, [Porter] admittedly ran ineligible athletes in violation of NJCAA rules—a complete defense.
>
> Second, due to [Porter's] improper conduct, [the College] was ultimately forced to opt to untimely respond to a mandated eligibility audit and accept sanctions in lieu of disclosing that [Porter] knowingly and improperly ran ineligible athletes in violation of NJCAA rules, to avoid subjecting [the College's] entire athletic program to further scrutiny. Therefore, [appellees] had a good faith belief that [Porter's] conduct

–4–

ultimately was the root cause of [the College] being subjected to sanctions—a substantial truth and complete defense.

Third, [Porter] requested and was granted an appeals proceeding before [the College's] Board to challenge his alleged wrongful termination. Therefore, [Porter] created a situation in which he invited the alleged defamatory statements to be presented to the Board—a defense to claims of defamation.

Fourth, [Porter] has no evidence that he suffered any damages resulting from these truthful and/or substantially truthful statements regarding his improper conduct.

The first three of these challenges—truth, substantial truth, and invited remarks—are all affirmative defenses on which appellees would have the burden of proof at trial. *See id.* (truth is affirmative defense); *Grotti v. Belo Corp.*, 188 S.W.3d 768, 775 (Tex. App.—Fort Worth 2006, pet. denied) (substantial truth  is affirmative defense); *Oliphint v. Richards*, 167 S.W.3d 513, 516 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (recovery is barred by consent, authorization, or invitation to publish). Therefore, these defensive theories cannot be the subject of a no-evidence motion for summary judgment. *Thomas v. Omar Invs., Inc.*, 129 S.W.3d 290, 293 (Tex. App.—Dallas 2004, no pet.) ("A party should not move for no-evidence summary judgment based on an affirmative defense that it has the burden to prove at trial.").

Accordingly, appellees' no-evidence motion on slander is limited to their challenge to evidence on the element of damages. In response, Porter argues that Herbert's statements caused damage to his professional status and are defamatory per se; thus, general damages are presumed. *See Bentley v. Bunton*, 94 S.W.3d 561, 604 (Tex. 2002). However, Porter also produced summary judgment evidence, in the form of affidavit testimony, indicating his professional reputation and prospects were harmed by Herbert's statements. The key affidavit was from Mike Houston, the track coach at Oklahoma City College at the relevant time. Houston testified that (1) he heard the rumor at the national championships—spread among track coaches—that the College had been suspended from the meet because Porter had run ineligible

runners at an earlier meet; (2) he recruited a track runner from the College, who told him Herbert told the team the suspension was because Porter ran ineligible runners; and (3) Porter approached him about an assistant coach position, but Houston could not recommend Porter for the job because of this "baggage." We conclude Porter brought forward sufficient evidence to raise a material fact issue on the damages issue of his claim against Herbert, even if damages are not presumed.

However, the summary judgment record does not contain evidence demonstrating how Porter's reputation was harmed by Jack's statement before the Board. The summary judgment evidence is undisputed that Jack's statements were not re-published outside of the Board meeting, so any harm from those statements would be limited to actions by the Board. But Porter has not offered any evidence suggesting the Board's decision on his appeal was based on Jack's statements rather than Porter's own wrongdoing. In the absence of evidence of damages, appellees' no-evidence motion succeeds as to Jack.

We overrule Porter's first issue as to Jack. We sustain the issue as to Herbert and the College.

*Traditional Motion*

Next we determine whether appellees' traditional motion for summary judgment on Porter's slander claim can succeed against Herbert. Appellees addressed their affirmative defenses to slander in their traditional motion, undertaking to prove Herbert's statements were true or substantially true.[1] As to the statements made by Herbert to the track team and to Mr. Hawkins, Porter claims the statements were false. He contends the NJCAA did not sanction the College because Porter ran ineligible athletes; it sanctioned the College because Herbert failed to

---

[1] Because Jack's no-evidence motion succeeded on the no-damages ground, we need not address the defense of consent or invited remarks, which Jack urged in the traditional motion.

respond to audit requests that were, in turn, generated by Herbert's own failures to submit eligibility forms. Porter produced summary judgment evidence—in the form of Herbert's deposition excerpts—showing: Herbert did not submit the eligibility forms; the audit request came as a result; Herbert did not respond to the audit request; and the failure to respond to the audit request was the reason given for the sanctions. The NJCAA letter stating sanctions were being imposed because of the failure to respond to the audit request is included in the summary judgment record as well. Given this evidence, we conclude Porter has raised a material fact issue as to appellees' affirmative defense of truth.

Appellees next argue they established as a matter of law that Herbert's statements were "substantially true" because Herbert testified he chose not to respond to the audit request to avoid a more stringent sanction if the body learned of Porter's conduct. We determine whether a statement is substantially true by considering whether the allegedly defamatory statement was more damaging to the plaintiff's reputation in the mind of the average listener than a truthful statement would have been. *McIlvain v. Jacobs*, 794 S.W.2d 14, 16 (Tex. 1990). The question here is whether it was more damaging to Porter's reputation to tell the average listener that the College was suspended because Porter ran ineligible runners than to tell that listener the College was suspended because Herbert failed to respond to an audit request. And the statement made by Herbert about Porter would have been more harmful to Porter's reputation. Therefore, Porter has raised a fact issue on appellees' defense of substantial truth. *See id.*

Appellees' traditional motion for summary judgment did not establish either of their affirmative defenses to slander as a matter of law. We sustain Porter's fourth issue as to Herbert and the College.

In his fifth issue, Porter argues the traditional motion concerning recovery of punitive damages for slander should fail because he raised a fact issue as to whether appellees acted with

malice. A plaintiff must prove the statements were made maliciously to justify punitive damages in a defamation case. *See Leyendecker & Assocs., Inc. v. Wechter*, 683 S.W.2d 369, 375 (Tex. 1984). Malice may be inferred from circumstances showing "such recklessness as to indicate a disregard of the consequences." *Id.* In *Leyendecker*, the court concluded an inference of malice could be supported by the repetition of a false statement when its truth or falsity was peculiarly within the knowledge of the speaker. The summary judgment evidence indicates the falsity of Herbert's statements was peculiarly within his knowledge—the NJCAA's letter explaining the sanctions was sent to him. Moreover, we have only Herbert's testimony that he decided not to respond to the NJCAA's audit request because the penalty would be greater if he revealed the coach's wrongdoing. Summary judgment is rarely appropriate when based solely on an interested witness's statement of his own intent; a fact finder could choose not to believe that witness. *See Hunt v. Van Der Horst Corp.*, 711 S.W.2d 77, 79 (Tex. App.—Dallas 1986, no writ); *see also Parkway/Lamar Partners, L.P. v. Tom Thumb Stores, Inc.*, 877 S.W.2d 848, 850 (Tex. App.—Fort Worth 1994, writ denied).

We conclude appellees failed to establish as a matter of law that Herbert did not act with malice. We sustain Porter's fifth issue as to his claim for punitive damages against Porter and the College for slander.

### Conspiracy

In his second and sixth issues, Porter challenges the summary judgment granted on his conspiracy claim on both no-evidence and traditional grounds. On both grounds of their motion, appellees urged a single reason why they were entitled to judgment as a matter of law. They contended Porter could not prevail on his slander theory against any of the appellees, so he could not possibly prevail on the "derivative" theory of conspiracy to commit slander. However, we have concluded that Porter raised a genuine issue of material fact on his slander claim against

Herbert. Appellees did not raise any other ground for summary judgment on the conspiracy claim. We cannot affirm a summary judgment on any ground not raised in the motion. *See Stiles v. Resolution Trust Corp.*, 867 S.W.2d 24, 26 (Tex. 1993) ("a summary judgment cannot be affirmed on grounds not expressly set out in the motion"). Accordingly, because we have reversed the summary judgment on slander as to Herbert—and therefore as to the College—we must reverse the summary judgment on conspiracy as to those parties as well.

We sustain Porter's second and sixth issues as to Herbert and the College.

### Intentional Infliction of Emotional Distress

In his third issue, Porter challenges the no-evidence summary judgment granted on his claim for intentional infliction of emotional distress. To recover for intentional infliction of emotional distress, a plaintiff must prove:

> (1) the defendant acted intentionally or recklessly, (2) the conduct was extreme and outrageous, (3) the actions of the defendant caused the plaintiff emotional distress, and (4) the emotional distress suffered by the plaintiff was severe.

*Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993). Appellees' motion contended Porter had no evidence of any of these elements. In his response (and on appeal), Porter responded with evidence of the purported slander by Herbert. Porter argues Herbert intentionally lied as to the cause of the NJCAA's sanctions to avoid blame for his own failures. And Porter argues the consequences of the purported slander were the loss of his job and of future job prospects.

Whether a defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery for intentional infliction of emotional distress is a question of law. *Wornick Co. v. Casas*, 856 S.W.2d 732, 734 (Tex. 1993). The standard for extreme and outrageous conduct is very high. As the supreme court has instructed:

> liability for outrageous conduct should be found "only where the conduct has been so outrageous in character, and so extreme in degree, as to go

beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."

*Twyman*, 855 S.W.2d at 621 (quoting RESTATEMENT (SECOND) OF TORTS § 46, cmt. d (1965)). A defendant's motive or intent is insufficient, standing alone, to support liability: the conduct itself must be extreme and outrageous. *Tex. Farm Bureau Mut. Ins. Cos. v. Sears*, 84 S.W.3d 604, 612 (Tex. 2002). Courts have rarely found extreme and outrageous conduct in workplace disputes. *See id.* at 611–12. Indeed, even the fact of wrongful termination is legally insufficient to meet the *Twyman* standard. *SW Bell Mobile Sys., Inc. v. Franco*, 971 S.W.2d 52, 54 (Tex. 1998). Accepting all of Porter's summary judgment evidence as true, we cannot conclude it is evidence of extreme and outrageous conduct.

We overrule Porter's third issue. Given this resolution, we need not address his seventh issue, challenging appellees' traditional summary judgment motion on the same claim.

**Conclusion**

We reverse the trial court's order insofar as it dismisses Porter's slander and conspiracy claims against Herbert and the College. We remand those claims to the trial court for further proceedings. In all other respects, we affirm the trial court's order.

/David Lewis/
DAVID LEWIS
JUSTICE

121737F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GID PORTER, Appellant

No. 05-12-01737-CV      V.

SOUTHWESTERN CHRISTIAN
COLLEGE, JACK EVANS, AND
HERBERT EVANS, Appellees

On Appeal from the 86th Judicial District
Court, Kaufman County, Texas
Trial Court Cause No. 82412-86.
Opinion delivered by Justice Lewis.
Justices Francis and Lang-Miers
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's judgment dismissing appellant Gid Porter's slander and conspiracy claims against appellees Herbert Evans and Southwestern Christian College. In all other respects, the trial court's judgment is **AFFIRMED**. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 7th day of April, 2014.

/David Lewis/

DAVID LEWIS
JUSTICE