**REVERSE and REMAND; and Opinion Filed August 19, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00620-CV

### LUIS A. SANTIAGO AND LINDA A. SANTIAGO, Appellants
### V.
### MACKIE WOLF ZIENTZ & MANN, P.C., Appellee

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-01743-2013**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Bridges, and Justice Richter[1]
Opinion by Justice Richter

Luis and Linda Santiago sued several entities involved in their home equity loan and the law firm of Mackie Wolf Zientz and Mann, P.C. (Mackie Wolf). After the trial court granted summary judgment in favor of Mackie Wolf on all of the Santiago's claims, the trial court granted Mackie Wolf's motion to sever. In two issues, appellants contend the trial court erred in granting Mackie Wolf's motion for summary judgment because (1) the trial court granted summary judgment on an unpleaded affirmative defense, and (2) Mackie Wolf is not entitled to attorney immunity on this record. We agree that Mackie Wolf is not entitled to attorney immunity on this record, and reverse and remand the trial court's judgment.

---

[1] The Hon. Martin Richter, Justice, Assigned

**Background**

Appellants obtained a home equity loan secured by a deed of trust on their home in 2004. After appellants defaulted on the loan, Mackie Wolf was retained by the Bank of New York Mellon, successor in interest to JP Morgan Chase Bank, as Trustee for the registered holders of Novastar Mortgage Funding Trust (BONY) and Ocwen Loan Servicing, LLC. (Ocwen) to handle the foreclosure proceedings. In January 2011, appellants received a notice of default and acceleration from Mackie Wolf. Appellants sent a letter to Mackie Wolf requesting to inspect the original promissory note for the loan. Luis Santiago set an appointment and went to Mackie Wolf's office to inspect the note. According to appellants, the proffered promissory note was counterfeit.

Appellants filed suit on May 16, 2011, alleging that BONY and Ocwen conspired to commit fraud by producing and presenting a counterfeit promissory note to show that BONY owned the property in dispute. According to appellants, BONY and Ocwen did so to show that they had the authority to foreclose on the property. As the litigation progressed, the case was removed to federal court and appellants added Mackie Wolf as a defendant. The case was then remanded back to state district court. Once the case was remanded, appellants filed their third amended petition and specifically alleged claims against Mackie Wolf for conspiracy to commit fraud, negligent misrepresentation, and violations of section 12.002 of the Texas Civil Practice and Remedies Code. Eight days later, Mackie Wolf filed a traditional motion for summary judgment on the Santiago's conspiracy to defraud claim. In this motion, the only ground asserted by Mackie Wolf was that it was immune from liability for actions taken in its representation of BONY and Ocwen in the foreclosure as a matter of law.

Mackie Wolf contends all of the alleged actions it took were in the course of representing BONY and Ocwen in the foreclosure action. The cornerstone of Mackie Wolf's motion was the

principle that an attorney is not liable to third parties for actions taken and advice given in representing a client. Importantly, Mackie Wolf did not allege no-evidence grounds in its motion for summary judgment and did not address appellants claims for negligent misrepresentation and violation of section 12.002. Appellants responded arguing that attorney immunity does not apply to their claims. After considering Mackie Wolf's motion and appellants' response, the trial court granted Mackie Wolf's motion for summary judgment. Subsequently, appellants' claims against Mackie Wolf were severed from the litigation, making the summary judgment final. Appellants timely appealed.

## Standard of Review

We review a trial court's decision to grant summary judgment de novo. *Valence Operating v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins., Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). The standard for reviewing a traditional motion for summary judgment is well established. *See Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 548-49 (Tex. 1985) (traditional motions under Rule 166a(c)). To prevail, the movant must establish that no genuine issue of material fact exists and it is entitled to judgment as a matter of law. *Id.*; *see also* TEX. R. CIV. P. 166a(c). When reviewing a summary judgment, we take as true all evidence favorable to the non-movant. *See Valence Operating*, 164 S.W.3d at 661. We also indulge every reasonable inference and resolve any doubts in the non-movants favor. *Id.*

A defendant may prevail on summary judgment by disproving at least one element of each of the plaintiff's claims or conclusively establishing all elements of an affirmative defense to each claim. *Gen. Mills Rest., Inc. v. Tex. Wings, Inc.*, 12 S.W.3d 827, 832 (Tex. App.—Dallas 2000, no pet.); *Am. Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997). Summary judgment on the basis of an affirmative defense is proper when the defendant has conclusively proved each essential element of their defense as a matter of law, leaving no genuine issue of

material fact remaining. *Henson v. Sw. Airlines Co.*, 180 S.W.3d 841, 843 (Tex. App.—Dallas 2005, pet. denied); *Montgomery v. Kennedy*, 669 S.W.2d 309, 310-311 (Tex. 1984). If the defendant establishes an affirmative defense which would bar the suit as a matter of law, the plaintiff must then present evidence raising a fact issue in avoidance of the affirmative defense, for example, facts which bring the matter within an exception or defense to the defendant's affirmative defense. *See Gonzalez v. City of Harlingen*, 814 S.W.2d 109 (Tex. App.—Corpus Christi 1991, writ denied); *Palmer v. Ensearch Corp.*, 728 S.W.2d 431, 435 (Tex. App.—Austin 1987, writ ref'd n.r.e).

### Applicable Law

Texas law authorizes attorneys to "practice their profession, to advise their clients, and to interpose any defense or supposed defense, without making themselves liable for damages." *Kruegel v. Murphy*, 126 S.W. 343, 345 (Tex. Civ. App.—Dallas 1910, writ ref'd). This doctrine is often termed "attorney immunity." The purpose behind the rule is to allow an attorney to fulfill his duty and zealously represent his clients within the bounds of the law by fully taking advantage of a client's rights and defenses without the threat of liability. *See Bradt v. West*, 892 S.W.2d 56, 71-72 (Tex. App. —Houston [1st Dist.] 1994, writ denied). It recognizes that the public has an important interest in "loyal, faithful and aggressive representation by the legal profession" *Id.* at 71 (quoting *Maynard v. Caballero*, 752 S.W.2d 719, 721 (Tex. App.—El Paso 1988, writ denied)), and if an attorney could be held liable for statements made or actions taken in the course representing a client, he would be forced to balance his own potential exposure against the client's best interest. *See Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398, 405 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). Therefore, "an attorney's conduct, even if frivolous or without merit, is not actionable as long as the conduct was part of the discharge of the lawyer's duties in representing his or her client." *Toles v. Toles*, 113 S.W.3d 899, 911 (Tex.

–4–

App. —Dallas 2003, no pet.); *see also Chapman Children's Trust v. Porter & Hedges, L.L.P.*, 32 S.W.3d 429, 441 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

However, a lawyer's protection from liability claims arising out of the representation of a client is not without limits. *See Toles*, 113 S.W.3d at 911. Texas courts have recognized exceptions to the attorney immunity defense based on an attorney's fraudulent or malicious conduct, even if the attorney's conduct was in the course of representing their client. *See id.*; *McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests*, 991 S.W.2d 787, 794 (Tex. 1999); *Likover v. Sunflower Terrace II, Ltd.*, 696 S.W.2d 468, 472 (Tex. App.—Houston [1st Dist.] 1985, no writ); *Poole v. Houston & T.C. Ry.*, 58 Tex. 134, 137 (Tex. 1882).

An attorney can be held liable by a third party for actions that are not part of the discharge of his duties to his client. *See Alpert*, 178 S.W.3d at 406; *see also Bradt*, 892 S.W.2d at 71. As such, attorneys acting on behalf of their clients are not shielded from liability for their fraudulent conduct because fraudulent acts are entirely "foreign to the duties of an attorney." *Poole*, 58 Tex. at 137 (fraudulent assignment of bill of lading); *see also* Toles, 113 S.W.3d at 911-912 (holding that attorney who represented former husband in divorce action was not immune from claim of former wife alleging attorney aided and abetted a breach of fiduciary duty). Furthermore, an attorney is also liable if he knowingly enters into a conspiracy to defraud a third person in the course of representing his client. *See Likover*, 696 S.W.2d at 472 (conspiracy to defraud purchaser of apartment complex). And under certain circumstances, attorneys may also be liable to a third party for other torts, such as negligent misrepresentation, despite the absence of a general negligence duty to non-clients. *See McCamish, Martin, Brown & Loeffler*, 991 S.W.2d at 793-94. Thus, if the only ground for summary judgment is attorney immunity, and the plaintiff alleges claims that could arguably involve fraudulent conduct, the trial court should deny a motion for summary judgment based on attorney immunity as to those

claims. *See Toles*, 113 S.W.3d at 912 (argument that actions were taken during representation of client was not sufficient to support summary judgment on claim for aiding and abetting, breach of fiduciary duty, and conspiracy).

**Discussion**

Here, Mackie Wolf moved for summary judgment asserting the affirmative defense of attorney immunity. Appellants argue on appeal that summary judgment was improper because (1) it was granted on an unpleaded affirmative defense, and (2) attorney immunity does not protect Mackie Wolf from the claims that they have alleged.

We begin with appellants' claim that summary judgment was improper because Mackie Wolf failed to plead attorney immunity as an affirmative defense and appellants expressly objected. Mackie Wolf contends that any complaint was waived, and additionally that they were not required to raise the defense because appellants did so in their third amended petition. Generally, an affirmative defense is waived if it is not pleaded. TEX. R. CIV. PRO. 94. Though not specifically mentioned in Rule 94, immunity is an affirmative defense that ordinarily must be pleaded to avoid waiver. *See*, *e.g.*, *Davis v. City of San Antonio*, 752 S.W.2d 518, 519-20 (Tex. 1988) (governmental immunity). However, the defense may be invoked on appeal if the plaintiff's pleadings put the defense at issue in the case. *See RR Maloan Investments, Inc. v. New HGE, Inc.*, 428 S.W.3d 355, 362 (Tex. App.—Houston [14th Dist.] 2014); *see also Shoemake v. Fogel, Ltd.*, 826 S.W.2d 933 (Tex. 1992) (pertaining to the defense of immunity); *Phillips v. Phillips*, 820 S.W.2d 785 (Tex. 1991) (pertaining to the defense of penalty); *Lewkowicz v. El Paso Apparel Corp.*, 625 S.W.2d 301, 303 (Tex. 1981) (pertaining to the defense of illegality). Here, appellants pled that "Defendant Mackie as an attorney should have known that the commission of fraud would or could not afford them attorney immunity or privity. An attorney in performing its duty to a client cannot either, produce or present, a counterfeit note to a third

party claiming it is the original note, then claim attorney immunity." Looking at the third amended petition, we find Mackie Wolf may invoke the affirmative defense of attorney immunity on appeal because appellants petition put the defense of attorney immunity at issue in the case. We overrule appellant's first point of error.

In their second issue, appellants contend the trial court erred in granting summary judgment in favor of Mackie Wolf on their conspiracy to defraud, negligent misrepresentation, and statutory violation claims, based on the attorney immunity defense. Appellants argue that attorney immunity does not apply because they have alleged claims against Mackie Wolf which are exceptions to the affirmative defense of attorney immunity.

We start with appellants' conspiracy to commit fraud claim. Appellants' third amended petition, which was the live petition at the time Mackie Wolf filed for summary judgment, included a conspiracy to defraud cause of action against Mackie Wolf. In their traditional motion for summary judgment, the sole ground Mackie Wolf argues is that it is immune from suit under the doctrine of attorney immunity with regards to this claim because any alleged conduct arose from their representation of BONY and Ocwen in the foreclosure action. On appeal, appellants argue courts have recognized exceptions to Mackie Wolf's argument that attorneys have absolute immunity for actions taken during representation of a client, when an attorney participates in fraudulent activities that are "foreign to the duties of an attorney."

Consistent with our decision in *Toles*, we agree that attorneys can be held liable for fraudulent conduct, such that attorney immunity does not apply to fraud or conspiracy to defraud claims. *See Toles*, 113 S.W.3d at 912; *see also Likover*, 696 S.W.2d at 472. Because of the summary judgment standard of review, we are not concerned with whether appellants proved or provided evidence of their allegations, instead, we must address whether Mackie Wolf is immune as a matter of law for its actions as alleged by appellants. *See Nixon*, 690 S.W.2d at

–7–

549; *see also* TEX. R. CIV. P. 166a(c). Such alleged actions, if true, would not shield an attorney from liability simply because he or she undertook those actions in the course of representation of a client. *See Toles*, 113 S.W.3d at 912 (holding that similar argument by defendant attorneys - that they could not be liable because their actions were taken during representation of client - was not sufficient to support summary judgment on claim for aiding and abetting, breach of fiduciary duty, and conspiracy).

In their motion, Mackie Wolf simply argued that an attorney is not liable to an adverse party under any cause of action for any conduct undertaken as an attorney representing a client. As this argument does not, as a matter of law, defeat a claim based on fraudulent conduct, Mackie Wolf did not show that they were not liable on appellants' claim that they conspired to commit fraud with BONY and Ocwen as a matter of law. *See Toles*, 113 S.W.3d at 912; *see also Likover*, 696 S.W.2d at 472. Thus, the trial court should not have granted summary judgment on the claim for that reason. We conclude that the trial court did err in granting summary judgment for Mackie Wolf as to appellants' conspiracy to defraud claim.

Appellants' third amended petition also included claims of negligent misrepresentation and violation of section 12.002 of the Texas Civil Practice and Remedies Code against Mackie Wolf. In its brief, Mackie Wolf argues that attorney immunity also bars appellants' claims for negligent misrepresentation and violation of section 12.002. However, although briefed on appeal, Mackie Wolf did not address these causes of action in their motion for summary judgment. A defendant cannot obtain a summary judgment on causes of action not addressed in its motion for summary judgment. *Stiles v. RTC*, 867 S.W.2d 24, 26 (Tex. 1993) (stating that appellate courts can affirm summary judgment based only on a ground expressly stated in the motion for summary judgment granted by the trial court); *Porter v. Southwestern Christian College*, 428 S.W.3d 377, 384 (Tex. App.—Dallas 2014). We cannot affirm a summary

judgment on any ground not raised in the motion for summary judgment. *Porter*, 428 S.W.3d at 384. Accordingly, we conclude that the trial court erred in granting summary judgment for Mackie Wolf on appellants' negligent misrepresentation and violation of section 12.002 claims.

We resolve appellants' second issue in their favor. Summary judgment was not proper as to appellants' causes of action against Mackie Wolf for conspiracy to defraud, negligent misrepresentation, and violation of section 12.002 of the Texas Civil Practice and Remedies Code. We reverse the trial court's judgment as to these claims and remand for further proceedings.

/Martin Richter/
MARTIN RICHTER
JUSTICE, ASSIGNED

130620F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LUIS A. SANTIAGO AND LINDA A.
SANTIAGO, Appellants

No. 05-13-00620-CV     V.

MACKIE WOLF ZIENTZ & MANN, P.C.,
Appellee

On Appeal from the 296th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 296-01743-2013.
Opinion delivered by Justice Richter. Chief
Justice Wright and Justice Bridges
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent
with this opinion.

It is **ORDERED** that appellant LUIS A. SANTIAGO AND LINDA A. SANTIAGO
recover their costs of this appeal from appellee MACKIE WOLF ZIENTZ & MANN, P.C..

Judgment entered this 19th day of August, 2014.